522 So.2d 181 (1988)
Calvin WILLIAMS
v.
METAL BUILDING PRODUCTS CO., INC.
No. 87-CA-355.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1988.
Rehearing Denied April 15, 1988.
Pierre F. Gaudin, Pierre F. Gaudin, Jr., Gretna, for plaintiff/appellee.
James C. Murphy, Jr., Patricia A. McKay of Cornelius, Sartin & Murphy, New Orleans, for defendant/appellant.
*182 Before KLIEBERT, WICKER and GOTHARD, JJ.
WICKER, Judge.
Metal Building Products Company, Inc. (BUILDING PRODUCTS) appeals a judgment against it for tort damages to Calvin Williams. Building Products complains of the trial judge's finding that it was not the statutory employer of Williams, that it was negligent in failing to provide Williams with a safe place to work, and that Williams was entitled to general damages in excess of his prayer. We reverse.
McMoRan Offshore Exploration Company (MCMORAN), as owner, contracted with Building Products, as general contractor, for the construction of an off-shore facility in March of 1983. Building Products in turn contracted with A.J. Toups, Inc. (TOUPS) for sandblasting and painting services on the project. Williams, a painter and sandblaster, worked for Toups.
Williams was on a ladder, painting exterior surfaces, on January 2, 1984. He fell from the ladder to a deck below and from that surface to the ground, a distance of some twenty feet. As a result Williams suffered serious injuries.
Williams is presently receiving worker's compensation benefits from Toups. He filed suit against Building Products and, later, McMoRan. (He has since dismissed McMoRan with prejudice.)
Following a two-day trial, the judge found that Building Products was not the statutory employer of Williams, citing Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986); that Building Products was negligent in failing to provide a handrail; that this negligence was the "sole legal cause" of the accident; and that Williams was entitled to damages in the amount of $570,440.00.
Building Products claims that it "was the statutory employer of the Plaintiff, Calvin Williams, and is, therefore, immune from tort liability." This allegation is based upon the provisions of L.S.A.-R.S. 23:1032 and 23:1061 (Emphasis added):
R.S. 23:1032: The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

R.S. 23:1061: Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Williams claims that Building Products was an independent contractor on the job and that painting and sandblasting were not part of its "trade, business, or occupation."
The evidence confirmed that McMoRan and Building Products entered into a contract *183 for the construction of an off-shore facility, to be built in Building Products' yard. Building Products in turn contracted with Toups "for the execution" of "part of the work." This scenario presents the classic "two-contract" defense which has been approved by this circuit and others. L.S.A.-R.S. 23:1032, 23:1061; Jackson v. Louisiana Power & Light, et al., 510 So.2d 8 (La.App. 5th Cir.1987), writ den. 514 So.2d 134 (La. 1987); Guillory v. Ducote, 509 So. 2d 455 (La.App. 3rd Cir.1987), writ den. 510 So.2d 376 (La.1987); Albin v. Red Stick Const. Co., Inc., 509 So.2d 110 (La. App. 1st Cir.1987); Borne v. Ebasco Services, Inc., 482 So.2d 40 (La.App. 5th Cir. 1986), writ den. 486 So.2d 755 (La.1986); Thornton v. Avondale Shipyards, Inc., 479 So.2d 7 (La.App. 5th Cir.1985); Juris v. Lama Drilling Co., Inc., 457 So.2d 135 (La.App. 2d Cir.1984), writ den. 460 So.2d 1045 (La.1984).
This circuit, when presented with the two-contract situation in the Thornton case, supra, granted summary judgment in favor of Avondale Shipyards and held as follows:
If the affidavits submitted are sufficient to show that Avondale had contracted to build a ship for a third party then it need not prove the "part of trade" requirement to be immune. Further, as with other construction projects, a subcontractor's work is automatically conceded to be part of the general contractor's trade if he is in the business of building.[1]
Berry v. Holston Well Service, Inc., supra, at p. 936, fn. 3, specifically notes the two-contract defense and the inapplicability of the holding in the Berry case to cases such as the one before us:
The discussion throughout the remainder of this opinion does not deal with what may be called the `two-contract' statutory employer defense. La.R.S. 23:1032, 1061. In that situation, an owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the "sub" to do the whole or a part of the total job contracted by the "general." Under this contractual relationship, the contract work of the "sub" has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the "general." (Citations omitted).
Furthermore, Berry is not a two-contract case and is inapplicable to the instant fact situation. There was no general contractor in Berry and the owner and not the general contractor was urging the statutory employer defense. The contract of plaintiff's employer was with the owner and not with a general contractor.
We hold that Building Products was the statutory employer of Williams and, consequently that Williams' remedy is limited to worker's compensation. We need not consider the issues of tort liability and damages.
REVERSED.
NOTES
[1] We note that the Third Circuit, Lewis v. Modular Quarters, 508 So.2d 975 (La.App.1987), has found as a matter of fact that painting and sandblasting are non-specialized.