Floyd Scot DEPRIEST, et al.

v.

BASF WYANDOTTE
CORPORATION, et al.

Civ. A. No. 86–514–B.

United States District Court,
M.D. Louisiana.

April 25, 1988.

John W. deGravelles, deGravelles & Palmintier, Baton Rouge, La., for plaintiffs.

Frank M. Coates, Jr., Trial Atty., Taylor, Porter, Brooks and Phillips, Baton Rouge, La., for intervenor.

William R. D'Armond, Michael C. Garrard, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, John W. Perry, Jr., Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

The plaintiffs initially filed this suit in the Twenty Third Judicial District Court for the Parish of Ascension. Named as defendants herein are BASF Wyandotte Corporation ("BASF") and Gilbert Goldman. Plaintiff contends that he was injured while recovering pipe from a hazardous waste disposal well on the BASF property. The defendants timely removed this suit to this court asserting diversity jurisdiction. 28 U.S.C. § 1332.

Plaintiffs have now filed a motion to amend and to remand this suit to the Twenty Third Judicial Court for the Parish of Ascension.

Plaintiffs seek to amend the suit filed herein to name Goldman, Inc. as a defendant. Goldman, Inc. is incorporated in the state of Louisiana. Should the court allow plaintiffs' amendment, complete diversity jurisdiction would be destroyed since the plaintiffs are also residents of the state of Louisiana. Therefore, the question before the court is whether or not the plaintiffs should be allowed to amend their complaint to add Goldman, Inc. as a defendant herein. Should the court allow the amendment, the court must then decide whether or not this suit must be remanded to state court.

In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987) the Fifth Circuit set forth the principles which must be applied in this case to determine whether or not the court should allow an amendment and whether or not the suit must be remanded to state court. In *Deere* the court stated that the language set forth in 28 U.S.C. § 1447(c) does not mean that the court cannot consider post removal developments. The Fifth Circuit concluded that the addition of a non-diverse defendant divested the court of diversity jurisdiction. It is clear from the *Deere* case that "the district court, when confronted with an amendment to add a non-diverse non-indispensable party, should use its discretion in deciding whether to allow that party to be added." 833 F.2d at 1182. If the court grants the joinder, it must, under 1447(c), remand the case to state court. If the court denies the joinder, it need not remand

the suit. This court, following the mandate of the *Deere* decision granted the parties leave to submit "input" to the court to allow the court to balance the equities involved herein and to decide whether or not the amendment should be permitted. As noted in this court's earlier opinion, the Fifth Circuit requires the district court to consider a number of factors to balance the defendant's interest in maintaining the federal forum with the competing interest of not having parallel lawsuits proceeding in federal and state court. Thus, it is necessary for the court to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* at p. 1182.

Considering the factors involved in this case the court finds that plaintiffs' motion to amend should be denied. Because the court has denied the plaintiffs' motion to amend, plaintiffs' motion to remand is likewise denied because the court obviously has diversity jurisdiction.

A review of the record in this case reveals that Goldman, Inc. is not an indispensible party within the meaning of Rule 19 of the Federal Rules of Civil Procedure. Furthermore, it is clear that no prejudice will attach to the plaintiff if Goldman, Inc. is not added as a defendant in this case. Gilbert Goldman, the sole employee of Goldman, Inc., is already named as a defendant. Gilbert Goldman and his wife own one hundred percent of the stock in Goldman, Inc. The joinder of Goldman, Inc. would not aid discovery nor the preparation of plaintiffs' case. Furthermore, a complete resolution of the dispute does not require the joinder of Goldman, Inc. The fact that Goldman, Inc. may be liable under the doctrine of respondeat superior does not affect the liability of its agent in this particular case. It is also well settled that joint tort feasors are not indispensible parties. *Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (5th Cir.) *cert. denied*, —— U.S. ——, 108 S.Ct. 158, 98 L.Ed.2d 113 (1987). Rule 19 does not require joinder of principal and agent. *Id.* at 880. Considering the facts of this case, the court concludes that Goldman, Inc. is not necessary for the court to grant complete relief to the parties under the provisions of Rule 19 of the Federal Rules of Civil Procedure. The court has considered all of the contentions raised by the plaintiffs herein, including allegations that Goldman, Inc. should be an indispensible party by virtue of its contract with BASF and Goldman, Inc. for its failure to provide a competent consultant. These factors do not change the court's belief that proper relief may be obtained by the plaintiffs from the parties currently named as defendants in this case. When the court considers the above factors, together with the fact that this suit has been pending in this court for approximately two years, the court finds that the plaintiffs' motion to amend should be denied.

Therefore:

IT IS ORDERED that plaintiffs' motion to amend is hereby DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to remand is hereby DENIED.