Willie T. MILLER, Jr., et al.,

v.

DOW CORNING CORPORATION.

Civ. A. 89–825–B.

United States District Court,
M.D. Louisiana.

Nov. 19, 1990.

Robert L. Kleinpeer, Baton Rouge, La., for plaintiffs.

Charles F. Gay, Jr., Lisa M. Tompkins, Adams & Reese, New Orleans, La., for defendant.

RULING ON PLAINTIFFS' MOTION TO AMEND COMPLAINT TO ADD NON-DIVERSE PARTY AND MOTION TO REMAND

POLOZOLA, District Judge.

The issue before the Court is whether the Court should allow the plaintiffs to amend their products liability suit to add a malpractice suit against a doctor.

The plaintiffs filed this action in the 19th Judicial District Court for the Parish of East Baton Rouge in September of 1987. The plaintiffs allege that defendant was liable for injuries suffered by plaintiffs due to defendant's negligent design and manufacture of a knee prosthesis that had been surgically implanted in Willie T. Miller, Jr.'s knee. Defendant timely removed this action to this Court. Plaintiffs are residents of the State of Louisiana and defendant is a Tennessee corporation with its principal place of business in Tennessee. Jurisdiction is based on diversity of citizenship. 28 U.S.C. 1332.

Plaintiffs have now filed a motion for leave to amend their complaint to add Dr. L.J. Messina, a Louisiana resident, as an additional defendant. If the motion to amend is granted, and Dr. Messina is added, complete diversity would be destroyed and the Court would be required to remand this case to the state court.

In *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987), the United States Court of Appeals for the Fifth Circuit announced the proper analysis for the district court to use "when faced with an amended pleading naming a new nondiverse defendant in a removed case." The Fifth Circuit stated:

> [T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if the amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether the amendment should be permitted. 833 F.2d at 1182.

The equities in this case lean toward retaining jurisdiction. Therefore, plaintiffs' motion to amend their petition should be denied.

There is no indication in the record that plaintiffs' joinder of Dr. Messina is for the purpose of destroying this Court's jurisdiction. Further, plaintiffs' filing of the motion to amend two months after Dr. Messina waived his right to a medical review panel is not necessarily "dilatory." However, plaintiff will not be significantly injured if this motion is denied. Plaintiffs will be able to pursue their remedies against Dr. Messina in state court.

If the amendment is allowed, however, defendant will be prejudiced. In addition to the fact that the defendant will lose its access to a federal forum, the defendant has completed a substantial amount of discovery. Defendant has propounded interrogatories and requests for production of documents, which have been answered by plaintiffs. Defendant has also taken some depositions and has scheduled others. In other words, because the defendant has pursued his case in this forum, a remand to state court would be unduly prejudicial.

It should also be pointed out that the evidence in these two proceedings is also likely to be quite different. In the action against Dr. Messina, plaintiffs must prove the doctor's negligence and that this negligence caused plaintiffs' injuries. The action against defendant, on the other hand, is a products liability action. Plaintiffs in this action will have to prove that the product was unreasonably dangerous for normal use at the time it left the factory, and that this "defect" in the product caused plaintiffs' injuries. Although the damage issue in the two actions would be similar, this similarity is not sufficient to outweigh the confusion that would result if the actions were joined. Furthermore, it is clear that Dr. Messina is not an indispensable party in the products liability action within the meaning of Rule 19 of the Federal Rules of Civil Procedure. Since the Court has denied plaintiffs' motion to amend, plaintiffs' motion to remand must also be denied.

Therefore:

IT IS ORDERED that plaintiffs' motion to amend as well as plaintiffs' motion to remand, be and each is hereby DENIED.