612 So.2d 315 (1993)
Thomas P. BROWN, et al.
v.
AVONDALE INDUSTRIES, INC.
No. 92-CA-758.
Court of Appeal of Louisiana, Fifth Circuit.
January 13, 1993.
Writ Granted April 23, 1993.
*316 Phelps Dunbar, William H. Howard III, Raymond J. Pajares, Mark E. Young, New Orleans, for defendant-appellee.
Phillip T. Hager, Metairie, for plaintiffs-appellants.
Before KLIEBERT, GAUDIN and CANNELLA, JJ.
GAUDIN, Judge.
Appellant is Thomas P. Brown,[1] who was injured on April 6, 1989 while working on a vessel under construction at Avondale Industries. At the time, Brown was employed by SECO Industries, Inc. as an electrician.
At issue in this case is whether Brown can receive benefits pursuant to the federal Longshoremen's and Harbor Workers' Compensation Act and at the same time maintain an action in tort against Avondale, his statutory employer, in the 24th Judicial District Court.
The trial judge, without assigned reasons, granted a motion for summary judgment filed by Avondale, in effect saying that Brown's exclusive remedy was under federal statutes.
We affirm, being of the opinion that the trial judge's rejection of Brown's tort claim was in direct accord with a holding in Bourgeois v. Puerto Rican Marine Management, 589 So.2d 1226 (La.App. 4 Cir. 1991), two petitions for writs denied by the Supreme Court of Louisiana at 592 So.2d 1299 (La.1992) and 592 So.2d 1300 (La. 1992).
The surviving widow of the fatally injured worker in Bourgeois received benefits under the federal act and then filed a tort suit in Orleans Civil District Court. The Fourth Circuit stated at page 1230:
"Plaintiffs cannot be allowed to seek remedies under state law and, at the same time, to deny defendants the right to raise state law defenses."
Against Brown, Avondale raised the statutory employee defense. The trial judge, in granting Avondale's motion for summary judgment, apparently found (1) that Avondale was a statutory employer and (2) that statutory employers, in line with Bourgeois, are immune from tort claims if federal benefits are being received. The record supports these findings.
We are aware of the 1989 amendment to Title 23 (LSA-R.S. 23:1035.2), which became effective January 1, 1990. Nonetheless, Bourgeois remains controlling unless changed by the Supreme Court of Louisiana. Appellant argues that if Avondale has no compensation exposure once federal benefits are sought and received then it (Avondale) should not be allowed to use a defense available only under state compensation statutes. Bourgeois holds otherwise.
Appellant is to pay costs.
AFFIRMED.
NOTES
[1] Brown's wife is a co-plaintiff in district court and a co-appellant.