Linda **KERR,** et al.

v.

**SMITH PETROLEUM CO.,** et al.

Civ. A. No. 94–1711.

United States District Court,
E.D. Louisiana.

June 14, 1995.

Judgment" and a "Motion to Reconsider" by defendant K.E. Resources, Ltd. Having reviewed the memoranda of the parties, the record and the applicable law, the Court DENIES the motions. The Court also states its reasons for previously granting summary judgment in favor of Grasso Production Management, Inc., as to plaintiffs' claims.

### Background

Plaintiffs filed this tort matter on May 23, 1994, seeking damages as a result of injuries plaintiff Jerry Kerr Sr. allegedly sustained on an offshore platform on the Outer Continental Shelf owned, operated and/or maintained by defendants Grasso Production Management, Inc. and/or Smith Petroleum Company. (R.Doc. 1.) Plaintiffs alleged jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, between themselves as Louisiana residents and the defendants as foreign corporations. *Id.*

Both defendants answered in July 1994 (R.Docs. 2 and 3), and shortly thereafter in September 1994 plaintiffs filed an unopposed motion to amend his complaint, which was granted by the judge to whom this case was previously allotted. (R.Doc. 7.) The amended complaint added as defendants K.E. Resources, Ltd., a foreign corporation, and Arcadia Investment Corporation and J.J.R., Inc., both "corporation[s] organized and existing under and by virtue of the Laws of the State of Louisiana." (R.Doc. 8., Paragraphs 1a, 1b and 1c.) The amended complaint further alleged that these three new defendants owned and/or operated the production platform where plaintiff was allegedly injured and were liable "jointly, severally and *in solido*" with the other two defendants. *Id.*, Paragraph 5.

The parties proceeded with the case, filing numerous pleadings and various motions, including motions for summary judgment.[1] The motion of defendant Grasso Production Management, Inc. (hereinafter "Grasso") for summary judgment as to plaintiffs' claims was granted as unopposed on February 9, 1995, when plaintiffs failed to file a timely opposition memorandum. (R.Doc. 47.)

Charles W. Dittmer, Jr., Dittmer & Hartman, Metairie, LA, for plaintiffs Linda Kerr and Jerry Kerr.

Susan A. Daigle, Broussard, David & Daigle, Lafayette, LA, for defendant Smith Petroleum Co., Inc.

Edward Settoon Johnson, Salvador Joseph Pusateri, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, for defendant Grasso Production Management, Inc.

Jon Daniel Picou, Richard E. Jussaume, Jr., Leininger, Larzelere & Picou, Metairie, LA, for defendant K.E. Resources, Ltd.

Musa Rahman, La. Workers' Comp. Corp., Baton Rouge, LA, for intervenor-plaintiff La. Workers' Compensation Corp.

### ORDER AND REASONS

JONES, District Judge.

Pending before the Court are plaintiffs' "Motion to Remand and Recall Summary

---

1. This included cross-claims by the defendants and various motions related to discovery.

On February 13, 1995, plaintiffs filed an opposition to Grasso Production's motion, albeit late, raising for the first time the issue of whether this Court has subject matter jurisdiction due to ·the fact that Arcadia Investment Corporation (hereinafter "Arcadia") and J.J.R., Inc. (hereinafter "JJR") were non-diverse to plaintiffs.

Soon thereafter, in accord with this Court's minute entry granting Grasso's motion for summary judgment as unopposed, plaintiffs filed the instant. motion (R.Doc. 52), which the Court construes as a motion to reconsider in accord with its February 9th Minute Entry. Plaintiffs seek not only to have this Court reconsider the granting of the summary judgment on Grasso's claims but also to remand this matter to state court, where a parallel proceeding is pending.[2] The basis for plaintiffs' motion is that this Court lacks subject matter jurisdiction because of the non-diverse defendants and because discovery has shown that plaintiff Jerry Kerr was injured in Louisiana waters, not on the Outer Continental Shelf as originally alleged.

Defendant K.E. Resources, Ltd. (hereinafter "KE") also filed a motion for the Court to reconsider the granting of the. summary judgment to Grasso, similarly arguing that this Court does not have subject matter jurisdiction.

Grasso opposes both motions, contending that the matter should not be remanded to state court because this Court should retroactively decide that plaintiffs should not be allowed to add the non-diverse defendants, relying on *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir.1987).[3] Grasso ·does not contend· that plaintiff was injured on the Outer Continental Shelf. Indeed, Grasso's motion for summary judgment is partly based on the fact that plaintiff was working in Louisiana waters.[4]

### Law and Application

· In *Hensgens, supra,* the Fifth Circuit faced for·the first time on appeal the issue of whether it had subject matter jurisdiction. The trial court had granted defendant's motion for summary judgment on the issue of prescription, and plaintiff appealed. *Id.* at 1180. Plaintiff, a Louisiana resident, argued that a Louisiana corporation added as a defendant after the case had been removed to federal court destroyed diversity jurisdiction. *Id.* The court of appeals stated:

> Complete diversity of citizenship is a statutorily mandated rule that is almost as old as the ·Republic itself. Generally, jurisdiction is determined at the time the suit is filed. So the court would have jurisdiction to decide a case even if the plaintiff failed to provide his federal question. claim, or if the amount in controversy falls below the jurisdictional amount, or if one of the parties changes its residency during the pendency of the suit. *However, addition of a nondiverse party will defeat jurisdiction.*

*Id.* at 1180–81 (citations omitted) (emphasis added).

For this last proposition, the Fifth Circuit relied on *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). *Hensgens,* 833 F.2d at 1179.

However, in *Freeport–McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 426–28, 111 S.Ct. 858, 859, 112 L.Ed.2d 951 (1991), the Supreme Court reversed a Tenth Circuit "holding that a Federal District Court lacked jurisdiction to entertain [a] diversity action because [petitioners] added a nondiverse party after filing their complaint."

In *Freeport–McMoRan* diversity of. citizenship existed· between the parties at the time the lawsuit was filed. *Id.* at 426–27, 111 S.Ct. at 859. Later, after suit had been commenced, one of the plaintiffs assigned its interest in the contract at issue to a limited partnership, which was added as a party plaintiff. *Id.* at 426–27, 111· S.Ct. at 859. The limited partners included citizens of the

---

2. The Court notes initially that this matter was originally filed in this Court, so the case cannot be remanded to state court. If a court does not have subject matter jurisdiction over a case originally commenced in the court, it must be dismissed. *See* Fed.R.Civ.P. 12(b)(1).

3. Plaintiffs and KE also rely on *Hensgens.*

4. Grasso moves for summary judgment on the basis that plaintiff was its statutory employee under Louisiana law. (R.Doc. 38).

same states where defendant was domiciled and had its principle place of business. *Id.* at 426–27, 111 S.Ct. at 859. The trial court conducted a bench trial and ruled in favor of plaintiffs. *Id.* at 426–27, 111 S.Ct. at 859. On appeal the Tenth Circuit reversed and directed that the matter be dismissed for lack of subject matter jurisdiction because the addition of the limited partnership as a plaintiff had destroyed diversity jurisdiction. *Id.* at 426–27, 111 S.Ct. at 859.

The Supreme Court reversed, stating that "[w]e have consistently held that if jurisdiction exists at the time any action is commenced, such jurisdiction may not be divested by subsequent events." *Id.* at 428, 111 S.Ct. at 860. Further, "[d]iversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action." *Id.* at 428, 111 S.Ct. at 860.

The Supreme Court also rejected any reliance on *Owen Equipment* for the proposition set forth by the Fifth Circuit.

> [In *Owen Equipment* ] we held that the ancillary jurisdiction of a District Court did not extend to the entertaining of a claim by an original plaintiff in a diversity action against a nondiverse third-party defendant by the original defendant pursuant to Federal Rule of Civil Procedure 14(a). It casts no doubt on the principle established by the cases previously cited that diversity jurisdiction is to be assessed at the time the lawsuit is commenced.

*Id.* at 429, 111 S.Ct. at 860.

Following the Supreme Court's decision in *Freeport–McMoRan,* the Fifth Circuit interpreted the decision, also in a case involving a limited partnership. "In other words, the Court in *Freeport–McMoRan* (sic) concluded that the addition of a nondiverse party does not defeat diversity jurisdiction unless the party was indispensable at the time the plaintiff filed its complaint." *Whalen v. Carter,* 954 F.2d 1087, 1096 (5th Cir.1992). The Fifth Circuit concluded that the limited partnership involved was not indispensable under Fed.R.Civ.P. 19(b). *Id.*

Under Federal Rule of Civil Procedure 19(b), a party is regarded as "indispensable" if a court cannot proceed without the party "in equity and good conscience." Rule 19(b) offers four factors that a court can consider in determining whether a party is indispensable: (1) to what extent a judgment rendered in the party's absence might be prejudicial to that party or others in the lawsuit; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the party cannot be joined. These factors are not rigid tests, but rather are guides to the overarching "equity and good conscience" determination. "Pragmatic and equitable considerations control the Rule 19(b) analysis."

*Id.* (Citations omitted.)

The court of appeals also noted that, while the indispensable nature of a party is a federal question, "a federal court can look to state law to determine the relative interest that the party has in the litigation." *Id.,* n. 8.

In the present case, it is uncontested that diversity jurisdiction existed in the present case at the time that the suit was filed. Therefore, the question is whether the nondiverse defendants, Arcadia and JJR, were indispensable parties to this matter at the time that the lawsuit was filed.

Analyzing this question under the factors set forth in *Whalen,* the Court finds that these defendants were not indispensable at the time the lawsuit commenced. First, in the absence of the nondiverse parties, there would be no prejudicial effect on either them or the diverse parties in view of the fact that, under Louisiana law, which controls in this diversity matter, although a party is absent, any fault attributed to it in this tort lawsuit can be allocated in the present case. *See, e.g., Smith v. State Through Dept. of Public Safety,* 620 So.2d 1172, 1179 (La.App. 1st Cir.1992), *citing* Louisiana Civil Code Article 2324.[5] Further, joint tortfeasors are not in-

---

5. Louisiana Civil Code Article 2324.B., which is applicable, states, in pertinent part:

[L]iability for damages caused by two or more persons shall be solidary only to the extent

dispensable parties under Louisiana law. *Smith,* 620 So.2d at 1178–79. *See also Nottingham v. General American Communications Corp.,* 811 F.2d 873, 880 (5th Cir.1987) (joint tortfeasors are not indispensable parties). Additionally, because fault could be allocated, any prejudice could have been lessened or avoided in shaping the relief, and there would have been no prejudicial effect of a judgment rendered in the absence of Arcadia and JJR. The fourth factor has an equalizing effect, as the lawsuit could have been brought in state court as well as federal court against the nondiverse defendants.

Therefore, "in equity and good conscience," Fed.R.Civ.P. 19(b), the Court could have proceeded with this matter at the time it was filed without Arcadia and JJR as parties. Because these nondiverse defendants were not indispensable at the time of the filing of this lawsuit, their later addition does not destroy diversity jurisdiction under *Freeport–McMoRan* as construed by *Whalen.*

In view of this finding, plaintiffs' motion to reconsider and "remand" and defendant KE's motion to reconsider will be denied.

The Court also writes to state its reasons for granting Grasso's motion for summary judgment because in *John v. State of Louisiana (Board of Trustees for State Colleges and Universities, et al),* 757 F.2d 698, 709 (5th Cir.1985), the Fifth Circuit held that summary judgment cannot be supported solely on the ground that the nonmoving party failed to file an opposition in accord with local rules. Unlike *John,* however, where the court found a genuine issue of material fact on the record before it that precluded summary judgment, *id.* at 712, this Court has independently reviewed Grasso's motion for summary judgment and the record and finds it meritorious.

■ There is no genuine issue of material fact that plaintiff was working on a platform in Louisiana waters.[6] Therefore, the question is whether Grasso is entitled to summary judgment on the statutory employer defense.[7] The Court finds that, under the facts on the record before it, Grasso is plaintiff's statutory employer. Grasso was hired by the owners of an oil and gas field—Smith Petroleum, KE, Arcadia and JJR—to operate the field. (R.Doc. 38, Exhs. 1 and 2.) Grasso's duties included the operation and maintenance of all safety equipment, including navigation aids, and coordination of the activities of third-party contractors. (R.Doc. 38, Exh. 2, pp. III–7 and III–10.) According to the plaintiff's deposition, he was contacted

necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages.... [T]he liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute otherwise.

6. Plaintiffs concedes this in making their argument on lack of jurisdiction.

7. There also is no genuine issue of material fact that plaintiff was apparently paid worker's compensation benefits under 33 U.S.C. § 905(a), the Longshore and Harbor Workers' Compensation Act (hereinafter "LHWCA"), despite the fact that he was not entitled to such benefits because he was not working on the Outer Continental Shelf at the time of his alleged accident. *See Miles v. Delta Well Surveying Corp.,* 777 F.2d 1069, 1071 (5th Cir.1985). Grasso's memorandum in sup-

port of its motion concedes this fact. (R.Doc. 38, pp. 5–6.)

At first glance, it would appear that the Louisiana Supreme Court decision in *Brown v. Avondale Industries, Inc.,* 617 So.2d 482 (La.1993) would preclude Grasso from maintaining its statutory employer defense. In *Brown* the Louisiana Supreme Court found that when an employee elects to receive LHWCA benefits, the statutory employer defense under Louisiana law is not available. *Id.* However, further analysis shows that *Brown* is inapplicable. The underlying facts of that case show that the plaintiff was entitled to elect LHWCA benefits as a worker on a vessel. *See Brown v. Avondale Industries, Inc.,* 612 So.2d 315, 316 (La.App. 5th Cir.1993). Here, however, plaintiff was not working on a vessel and was not working on the Outer Continental Shelf. In view of the fact that plaintiff cannot meet the situs test of working on the Outer Continental Shelf to fall under the ambit of LHWCA, *Miles, supra,* Grasso should not be prevented from claiming the statutory employer defense under *Brown* just because there was an apparent error by plaintiff's nominal employer in payment of LHWCA benefits instead of state worker's compensation benefits, whether plaintiff elected LHWCA benefits or not.

by Grasso's lead operator to repair navigational aids in the field, referred the lead operator to his employer, and was subsequently advised by his employer to travel to the field to perform the repair work. (R.Doc. 38, Exh. 3, pp. 77, 199–200.)

Under these facts, Grasso qualifies as plaintiff's statutory employer and is immune from liability under LSA–R.S. 23:1032(A)(1)(a) [8] and 23:1061 [9] and the "classic 'two-contract' defense which has been approved" by several of the courts of appeal in Louisiana. *See, e.g., Williams v. Metal Building Products Co., Inc.,* 522 So.2d 181, 183 (La.App. 5th Cir.1988). The Louisiana Supreme Court recognized this defense in *Berry v. Holston Well Service, Inc.,* 488 So.2d 934, 936, n. 3 (La.1986), and described it as follows:

> In that situation, an owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the "sub" to do the whole or part of the total job contracted by the "general." Under this contractual relationship, the contract work of the 'sub' has been held in the intermediate courts to be automatically within the trade, business or occupation of the "general."

*Id.*[10]

In this case, as in *Williams, supra,* the general contractor, Grasso, contracted with the subcontractor, plaintiff's nominal employer, to perform the work plaintiff was doing when allegedly injured. Thus, Grasso is entitled to summary judgment on its statutory employer defense, just as the general contractor in *Williams* was entitled to summary judgment. *Williams,* 522 So.2d at 182–83.

In conclusion, the Court denies the motions to reconsider by plaintiffs and KE, finding that it has subject matter jurisdiction. Further, even construing all inferences in favor of plaintiffs on Grasso's motion for summary judgment, as the Court must, *John,* 757 F.2d at 708, the Court finds on the basis of the record that there is no genuine issue of material fact that Grasso was plaintiff's statutory employer. Thus, it is entitled to summary judgment as a matter of law on its defense of immunity from plaintiff's lawsuit. Fed.R.Civ.P. 56(c).

Accordingly,

IT IS ORDERED that plaintiffs' "Motion to Remand and Recall Summary Judgment" and K.E. Resources, Ltd.'s "Motion to Reconsider" are DENIED.

IT IS FURTHER ORDERED that the motion for summary judgment by Grasso Production Management, Inc., is GRANTED.

---

8. This section provides, in pertinent part:
   The rights and remedies herein granted to an employee or his dependent on account of any injury ... shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer ... for said injury....

9. This section provides, in pertinent part:
   When any person, in this Section referred to as the "principal," undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this section referred to as the "contractor," for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent any compensation under this Chapter to which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed for, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer....

10. In *Berry* the Louisiana Supreme Court did not disapprove of or change the "two-contract" defense. *Id.*