Mavis D. **SHARP**

v.

**KMART CORPORATION, et al.**

Civil Action No. 96–3312–B–M1.

United States District Court,
M.D. Louisiana.

Jan. 5, 1998.

Sydney Picou–Kendrick, St. Francisville, LA, Randolph Alexander Piedrahita, Due', Caballero, Perry, Price & Guidry, Baton Rouge, LA, Christopher Lee Whittington, Baton Rouge, LA, for Mavis D. Sharp.

Gayla M. Moncla, Cullen J. Dupuy, Breazeale, Sachse & Wilson, Baton Rouge, LA, for KMart Corporation, Fred Pininger.

**RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S FIRST SUPPLEMENTAL COMPLAINT AND MOTION TO REMAND**

POLOZOLA, District Judge.

This motion requires the Court to determine the meaning of 28 U.S.C. § 1447(e). Specifically, the Court must determine whether a post-removal amendment to a complaint which adds a non-diverse party would destroy the Court's subject matter jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1447(e).

Plaintiff has filed motions for leave to amend her complaint and to remand. The proposed amendment seeks to add a non-diverse party. Plaintiff contends that if the Court allows her to add a non-diverse party, the Court must remand the case. Defendant contends that diversity jurisdiction is determined at the time of removal and any post-removal amendment to add a non-diverse party would not destroy diversity jurisdiction.

The Court heard oral arguments on this motion and found that if a non-diverse party is added after the case is removed to federal court, the clear language of 28 U.S.C. § 1447(e) requires the Court to remand the suit. The Court now supplements its oral reasons with this opinion.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Mavis D. Sharp, originally filed this lawsuit in the Nineteenth Judicial District, Parish of East Baton Rouge, State of Louisiana against Kmart Corporation ("Kmart") and Fred Pininger, a manager of Kmart. Kmart is a foreign corporation, and Pininger and Sharp are Louisiana citizens.

Defendants timely removed the matter to this Court arguing the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1] The plaintiff filed her first motion to remand, arguing that this Court lacked subject matter jurisdiction because the parties were not completely diverse. Kmart, on the other hand, argues that the party sought to be joined was fraudulently joined solely for the purpose of defeating diversity jurisdiction. This Court initially agreed with the defendant and denied plaintiff's first motion to remand, finding that there was no possibility of recovering against the non-diverse defendant in this case.[2]

---

1. At the time this suit was removed, 28 U.S.C. § 1332(a) stated in pertinent part:

   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ... (1) citizens of different states.
   ....

As of January 1, 1997, the jurisdictional amount has been raised to $75,000. However, jurisdictional amount is not question in this motion to remand.

2. In this unpublished ruling, signed October 7, 1996, this Court cited the following cases in support of its ruling: *Campbell v. J.R. Galloway, Kmart Corp. and ABC Insurance Co.*, 1991 WL

After this Court's initial ruling, the parties participated in discovery.[3] On May 12, 1997, the plaintiff filed a motion for leave of court to file a first supplemental and amending petition for damages. In this amended complaint, the plaintiff seeks to add Savell Enterprises, Inc., a Louisiana corporation. Shortly thereafter, the plaintiff filed a second motion for remand. In this second remand motion, the plaintiff argued that if her motion for leave to amend was granted, complete diversity would not be present, and the Court would have to remand for lack of subject matter jurisdiction. Kmart opposed both motions.

It is well settled that lack of complete diversity between the parties when a suit is brought pursuant to 28 U.S.C. § 1332 deprives a federal court of jurisdiction.[4] Both Sharp and Kmart cite 28 U.S.C. § 1447(e) and *Hensgens v. Deere & Company* as the controlling law on the question of whether diversity is destroyed if a non-diverse party is added to a suit after the case is removed to federal court. However, there are some cases which suggests that the *Hensgens* analysis is no longer controlling after the United States Supreme Court decision in *Freeport–McMoRan, Inc. v. KN Energy Inc.*[5] Thus, the Court must now decide which standard the Court should apply in determining whether a non-diverse party may be added to the suit which was removed to federal court on the basis of diversity jurisdiction. This Court will first examine *Hensgens* case and the history behind Section 1447(e) and then turn to *Freeport–McMoRan* case.

**A.  Hensgens v. Deere & Company**

■  Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be given freely when "justice so requires." The question which remains is whether that same standard applies when a party desires to amend a suit which has been removed to federal court, particularly when the amendment would destroy complete diversity of citizenship. This question was answered by the Fifth Circuit in *Hensgens v. Deere & Co.* In *Hensgens,* the Fifth Circuit found that where a district court is faced with a motion to amend the complaint to add a non-diverse defendant in a removed case, the district court should scrutinize the amendment more closely than it does an ordinary amendment.[6] In short, the right to freely amend set forth in Rule 15 of the Federal Rules of Civil Procedure does not apply where a party seeks to add a non-diverse party in a removed case.

■  When a case is removed to federal court, diversity must exist at the time the action is commenced and when the notice of removal is filed.[7] The *Hensgens* court explained, however, that the addition of a non-diverse party after removal will defeat jurisdiction.[8] The court stated, while "most post-removal developments—amendment of pleadings to below the jurisdictional amount or change in citizenship of a party—will not divest the Court of subject matter jurisdiction, an addition of a non-diverse defendant to a case will do so."[9]

In *Hensgens* the Fifth Circuit noted that when the court is faced with a motion to amend to add a non-diverse party after removal, justice requires that the district court consider a number of factors to balance the defendant's interest in maintaining the federal forum with the competing interests of not

81702 (E.D.La.1991); *Williams v. The Great Atlantic & Pacific Tea Co., Inc.,* No 90–0471, slip op. at 3 & 4 (E.D.La.1990).

3.  On October 24, 1996, the parties entered into a scheduling order with Magistrate Judge Riedlinger.

4.  *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

5.  498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991).

6.  *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir.1987), *cert. denied,* 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989).

7.  JUDGE DAVID HITTNER, FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 2:649 (5 th Cir. ed.1996).

8.  833 F.2d at 1180–81 (citing *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978)).

9.  *IMFC Professional Services of Florida v. Latin American Home Health, Inc.,* 676 F.2d 152, 157 (5th Cir.1982).

having parallel law suits. The *Hensgens* court stated:

> [T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.[10]

The law in the Fifth Circuit was clear after *Hensgens*. If a court allows the joinder of a non-diverse party, the case must be remanded; however, if the court denies the motion to amend, it need not remand the suit to state court.[11]

## B. Section 1447(e)

In 1988, after *Hensgens* was decided, Congress amended 28 U.S.C. § 1447 to include subsection (e). Section 1447(e) states in pertinent part: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Fifth Circuit has cited *Hensgens* with approval after the passage of

Section 1447(e).[12] Moreover, some courts have noted that Section 1447(e) was a codification of the *Hensgens* opinion.[13]

The legislative history behind the passage of Section 1447(e) is instructive. Essentially, Section 1447(e) gives the court two options when a diversity case has been removed and the plaintiff then seeks to add a party whose citizenship would destroy complete diversity requirement: (1) deny the motion and retain the case; or, (2) grant the motion and remand the suit to state court. Congress had considered a middle ground, which would have allowed the joinder and at the same time allowed a court in its discretion to keep the case and decide it on its merits.[14] Congress rejected this last alternative because it would have manifested a departure from the traditional requirement of complete diversity and "provide[d] a small enlargement of diversity jurisdiction."[15] Congress adopted the narrow language reflected in Section 1447(e) to avoid expanding federal diversity jurisdiction.[16]

## C. Freeport–McMoRan, Inc. v. KN Energy Inc. And Its Prodgeny

There are a number of recent opinions from federal district courts that follow the

**10.** *Hensgens*, 833 F.2d at 1182. This Court followed this mandate of *Hensgens* in *Depriest v. BASF Wyandotte Corporation*, 119 F.R.D. 639 (M.D.La.1988), wherein this Court denied the plaintiff's motion to amend the complaint. The Court found that the addition of the corporation would not aid discovery nor the preparation of plaintiff's case. Furthermore, the Court ruled that a complete resolution of the dispute does not require the joinder of the corporation. Just because the corporation may be liable under the theory of *respondeat superior*, the Court noted, does not affect the liability of its agent. *Depriest*, 119 F.R.D. at 640. *See also Miller v. Dow Corning Corporation*, 771 F.Supp. 1171 (M.D.La. 1990). In *Miller*, this Court found that the amendment to add a non-diverse party would not be permitted where, although there was no indication that the amendment was intended to destroy diversity and the filing of the motion to amend was not necessarily dilatory, the equities in the case leaned toward retaining jurisdiction. This Court noted there had been considerable discovery and the plaintiff could pursue his remedies against the non-diverse defendant in state court and would not be significantly injured if the motion was denied. Further, this Court noted that evidence against the two parties would be quite different. *Miller*, 771 F.Supp. at 1172.

**11.** *Depriest*, 119 F.R.D. at 639–40.

**12.** *Tillman v. CSX Transportation, Inc.*, 929 F.2d 1023 (5th Cir.1991); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275–76 (5th Cir.1990) (discussing the legislative history behind § 1447(e)).

**13.** *See Heininger v. Wecare Distributors, Inc.*, 706 F.Supp. 860, 862 n. 4 (S.D.Fla.1989); *Chism v. Burlington Northern Railroad, Co.*, 1996 WL 408907 (N.D.Miss.1996).

**14.** David D. Siegel, Commentary on 1988 Revision of Section 1447, in 28 U.S.C.A. § 1447 (1994) (hereinafter "Siegel Commentary").

**15.** *Siegel Commentary*.

**16.** *Templeton*, 901 F.2d at 1274 (citing H.R.REP. NO. 889, 100th Cong., 2d Sess., 72–73, reprinted in 1988 U.S.CODE CONG. & ADMIN. NEWS 5982, 6032–33).

*Hensgens* case.[17] Some district courts, however, have held that *Hensgens* is no longer controlling [18] after the United States Supreme Court case of *Freeport–McMoRan, Inc. v. KN Energy, Inc.*[19]

In *Freeport*, a gas seller (McMoRan Oil and Gas Company) and its parent company (Freeport–McMoRan, Inc.) sued a buyer (KN Energy, Inc.) for breach of contract. Federal subject matter jurisdiction was based on diversity of citizenship. Thereafter, petitioners sought leave to amend their complaint to substitute non-diverse party as a plaintiff under Rule 25(c) of the Federal Rules of Civil Procedure.[20] The district court permitted petitioners to add the party. After trial in favor of petitioners, the court of appeals reversed the district court's decision finding that the suit should have been dismissed because the addition of the non-diverse party after suit was filed destroyed diversity jurisdiction.[21]

The United States Supreme Court reversed the Tenth Circuit Court of Appeals holding that diversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action. The Court reasoned that "a contrary rule could well have the effect of deterring normal business transactions during the pendency of what might be a lengthy litigation." [22] The Supreme Court also explained that the case of *Owen Equipment & Erection Co. v. Kroger*[23] "casts no doubt ... that diversity jurisdiction is to be assessed at the time the lawsuit is commenced." [24] The *Freeport* Court limited its holding to parties who were not indispensable. The Court found that if the party who has been added was indispensable at the time the plaintiff filed its complaint, the addition of a non-diverse party would defeat diversity jurisdiction.[25]

**17.** A number of recent district court cases have followed *Hensgens* without discussion of whether the *Freeport* case changes the inquiry. *See Whitworth v. TNT Bestway Transportation, Inc.*, 914 F.Supp. 1434 (E.D.Tex.1996) (denying leave to add a non-diverse party following removal); *Chism v. Burlington Northern Railroad Company*, 1996 WL 408907 (N.D.Miss.1996) (citing *Freeport* for the proposition that joinder of a non-diverse party who is indispensable at the commencement of the action divests the court of jurisdiction, but following the precepts of *Hensgens* to grant the amendment of the non-diverse non-indispensable party and remand the case); Hooker v. Hoover, 1995 WL 840767 (N.D.Tex. 1995) (granting plaintiff's motion to amend the complaint); *In Re Norplant Contraceptive Products Liability Litigation*, 898 F.Supp. 433 (E.D.Tex.1995) (allowing plaintiffs in a removed case to amend their complaint to add non-diverse defendants); *Horton v. Scripto–Tokai Corporation*, 878 F.Supp. 902 (S.D.Miss.1995) (allowing plaintiff to add a non-diverse defendant); *O'Connor v. Automobile Ins. Co. of Hartford Connecticut*, 846 F.Supp. 39 (E.D.Tex.1994) (finding that insured was not entitled to add a non-diverse defendant this removed case).

**18.** *See Kerr v. Smith Petroleum*, 889 F.Supp. 892 (E.D.La.1995); *Shaw v. Meridian Oil, Inc.*, 1996 WL 521411 (W.D.La.1996) (unreported opinion, U.S. Magistrate Judge Wilson). *But see Smith v. Lucas Tire Co., Inc.*, 1995 WL 57295 (E.D.La. 1995) (following *Hensgens* allowing the plaintiff to add a non-diverse defendant and distinguishing *Freeport*).

**19.** 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (Per Curiam).

**20.** Rule 25(c) of the Federal Rules of Civil Procedure reads in pertinent part:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

**21.** *Freeport–McMoRan, Inc. v. KN Energy, Inc.*, 907 F.2d 1022 (10th Cir.1990).

**22.** *Freeport*, 498 U.S. at 428, 111 S.Ct. at 859. The court of appeals had relied on the case of *C.T. Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). The Supreme Court explained in *Freeport* that *C.T. Carden* dealt with the issue of whether limited partners must be taken into account in determining whether diversity jurisdiction exist in an action brought by a limited partnership. In *C.T. Carden*, the original plaintiff was a limited partnership. The *Freeport* Court noted that nothing in *C.T. Carden* suggests any change in the "well-established rule that diversity of citizenship is assessed at the time the action is filed." *Freeport*, 498 U.S. at 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951.

**23.** 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

**24.** *Freeport*, 498 U.S. at 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951.

**25.** *Freeport*, 498 U.S. at 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951. *See also Whalen v. Carter*, 954 F.2d 1087, 1096 (5th Cir.1992) ("[T]he Court in

The language in *Freeport*—"diversity jurisdiction, once it is established, is not defeated by the addition of a non-diverse party to the action"—read in a vacuum could vastly change the law in diversity cases where a new party is added who would have otherwise destroyed diversity jurisdiction. But one commentator noted, "[i]t is doubtful that this broad statement applies to *defendants newly joined* by plaintiff." [26] Commentators and a recent court of appeals opinion characterized *Freeport's* holding as follows: the addition of a non-diverse, non-indispensable party pursuant to Rule 25(c) does not deprive the court of subject matter jurisdiction. [27]

The Fifth Circuit has analyzed and applied the Freeport decision in *Whalen v. Carter.* [28] In *Whalen,* the court found that a non-diverse limited partnership which was added after the suit was filed did indeed destroy diversity jurisdiction because the limited partnership was an indispensable party. [29] In support for this proposition, the court cited *Freeport.*

The motion to amend which is now pending before this Court involves the joinder of a *non-diverse, non-indispensable party after removal.* The non-diverse party is not being substituted into this case under Rule 25(c), but instead, the plaintiff seeks to add the party as an additional defendant in the suit. The Fifth Circuit has not addressed the issue of whether *Freeport's* holding is limited to cases involving Rule 25(c) joinder. However, cases in the Eastern and Western District have found that *Freeport* applies not just to cases involving Rule 25(c) substitutions, but also to cases where a party seeks to add a non-diverse, non-indispensable party. [30]

Thus, in *Kerr v. Smith Petroleum Co.,* [31] the plaintiffs filed suit for damages against foreign corporations that owned an offshore platform alleging jurisdiction based on diversity of citizenship. After the suit was filed, the plaintiff added two non-diverse defendants. Sometime thereafter, the plaintiffs argued that the court lacked subject matter jurisdiction over the claims. [32] The district court began its analysis with *Hensgens,* but then turned to *Freeport* and *Whalen.* [33] The *Kerr* court found that "[b]ecause these nondiverse defendants were not indispensable at the time of the filing of this lawsuit, their later addition [did] not destroy diversity jur-

---

Freeport McMoRan concluded that the addition of a nondiverse party does not defeat diversity jurisdiction unless the party was indispensable at the time the plaintiff filed his complaint."); *Burka v. Aetna Life Ins. Co.,* 87 F.3d 478, 482 (D.C.Cir.1996) (finding "a Rule 25(c) addition of a nondiverse party may destroy diversity if the added party was indispensable at the time the action began").

**26.** Judge David Hittner, Federal Civil Procedure Before Trial ¶ 2:379.1 (5 th Cir. ed.1996).

**27.** 6 James Wm. Moore, Moore's Federal Practice, ¶ 25.30[7] (3rd ed.1977); Judge David Hittner Federal Civil Procedure Before Trial, ¶ 2:379.1 (5 th Cir. ed.1996); *Burka v. Aetna Life Ins. Co.,* 87 F.3d 478, 482 (D.C.Cir.1996).

**28.** 954 F.2d 1087 (5th Cir.1992).

**29.** *Whalen,* 954 F.2d at 1096.

**30.** *See Kerr v. Smith Petroleum Co.,* 889 F.Supp. 892 (E.D.La.1995) (Jones, J.); *Shaw v. Meridian Oil, Inc.,* 1996 WL 521411 (W.D.La.1996) (Wilson, Mag.).

**31.** 889 F.Supp. 892 (E.D.La.1995) (Jones, J.).

**32.** *Kerr,* 889 F.Supp. at 893.

**33.** When discussing the *Whalen* case, the Eastern District Court noted that the court in *Whalen* found the limited partnership was not indispensable under Rule 19(b). Then the court went on to reason that because the added parties in *Kerr* were not indispensable under Rule 19(b), the addition of the parties did not destroy diversity. This Court reads *Whalen* differently. In *Whalen* the limited partnership, PHC & Associates, was added as a defendant after the suit was filed. The *Whalen* court pointed out after reviewing Freeport that "if PHC & Associates is not an indispensable party, the district court erred in refusing to exercise subject matter jurisdiction over Whalen's state law claims." Conversely, if PHC & Associates is an indispensable party, then the district court did not err in dismissing the state law claims for want of diversity jurisdiction; then the *Whalen* court went on to state quite clearly, "we conclude that PHC & Associates is indeed an indispensable party." *Whalen,* 954 F.2d at 1096. The *Whalen* court, at this point, reviewed Rule 19(b) factors and stated "the district court cannot resolve Whalen's state-law claims in equity and good conscience without the joinder of PHC & Associates." *Whalen,* 954 F.2d at 1096. The court went on to remand the question of whether the district court could exercise supplemental jurisdiction over the state law claims. *Whalen,* 954 F.2d at 1097, n. 9, n. 10.

isdiction under Freeport–McMoRan as construed by Whalen." [34]  Moreover, in *Shaw v. Meridian Oil, Inc.*,[35] the court held after *Freeport*, "Hensgens is no longer controlling." [36]  In *Shaw*, the plaintiffs originally filed suit in state court against Meridian Oil and the case was removed to federal court based on diversity jurisdiction.  Later, the plaintiffs were allowed to amend their complaint to add a non-diverse Louisiana corporation as a defendant.  The court held that the addition of this non-diverse party who was not an indispensable party as a defendant did not defeat the court's subject matter jurisdiction over the entire case.  The court cited *Freeport* in support of this conclusion.  Interestingly enough, the court then went on to state that it was, nevertheless, necessary to examine whether the claims against this nondiverse party fell within the court's supplemental jurisdiction under 28 U.S.C. § 1367(a).  The *Shaw* court found Section 1367(b) limits supplemental jurisdiction where the district court's original jurisdiction was based on diversity.  Because the nondiverse party was made a defendant pursuant to Rule 20 of the Federal Rules of Civil Procedure, the court, following § 1367(b), found that it could not exercise supplemental jurisdiction over the claims.

There has been no court of appeals case directly on point which followed the *Kerr* and *Shaw* interpretation of *Freeport*.  There has been one First Circuit Court of Appeals case and one D.C. Circuit Court of Appeals case that are both instructive on the issue now pending before the Court regarding the applicability of *Freeport*.  In fact, the *Shaw* court cited the First Circuit Court of Appeals case of *Casas Office Machines v. Mita*

*Copystar of America*,[37] noting its outcome was consistent with the First Circuit although the opinion in *Casas* used different reasoning.

In *Casas*, the First Circuit Court of Appeals did cite *Freeport*, generally noting that *Freeport* held diversity jurisdiction was not defeated by the addition of a party who was not indispensable because there was complete diversity when the action commenced.[38]  Nonetheless, the court found that the joinder or substitution of a non-diverse defendant after removal destroys diversity, regardless of whether such defendants are dispensable or indispensable to the action.[39]  Accordingly, when the fictitious defendants in *Casas* were replaced with non-diverse defendants after removal, the court held subject matter jurisdiction was defeated.[40]  The *Casas* court focused its analysis on Section 1447(e) and stated "[w]e think that, had Congress decided that federal courts could retain jurisdiction over cases in which plaintiffs joined or substituted dispensable, non-diverse defendants after removal, it would have made that plain in § 1447(e)." [41]

The recent D.C. Circuit case is also instructive.  In *Burka v. Aetna Life Ins. Co.*,[42] the court found that defendants' Rule 25(c) motion to substitute a non-diverse, non-indispensable party as a defendant did not defeat diversity jurisdiction.[43]  The *Burka* court stated that the *Freeport* case "establishes that the addition of a non-diverse party pursuant to Rule 25(c) does not deprive the District Court of subject matter jurisdiction, and hence does not require remand or dis-

34.  *Kerr*, 889 F.Supp. at 896.

35.  1996 WL 521411 (W.D.La.1996) (Wilson, Mag.).

36.  *Shaw*, 1996 WL 521411, at *1.

37.  42 F.3d 668 (1st Cir.1994).

38.  *Casas*, 42 F.3d at 673.

39.  *Casas*, 42 F.3d at 675.

40.  *Casas*, 42 F.3d at 674–75.  The *Casas* court maintained that the characterization of a party

as indispensable does effect the options of a court.  If the defendant is indispensable, the district court's only option is to deny the joinder and dismiss or allow the joinder and remand.  However, if the party is dispensable, the district court has the option to deny joinder and retain jurisdiction or permit the joinder and remand the case.  The *Casas* court cited *Hensgens* as authority for this proposition.  *Casas*, 42 F.3d at 675.

41.  *Casas*, 42 F.3d at 675.

42.  87 F.3d 478 (D.C.Cir.1996).

43.  *Burka*, 87 F.3d at 482.

missal."[44] The defendants had filed a Rule 25(c) motion in *Burka* a week before the plaintiff sought to join the non-diverse defendant pursuant to Rule 19. The plaintiffs argued that joinder under Rule 19 would destroy diversity and the case should be remanded under § 1447(e). Plaintiffs also argued that even if the court did allow defendants' earlier motion under Rule 25(c), that Rule 25(c) triggered the application of the remand provisions set forth in § 1447(e). The *Burka* Court held a Rule 25(c) transfer-of-interest based substitution is not a form of "joinder" within the meaning of Section 1447(e).[45] Explaining its ruling further, the *Burka* court concluded, "we find nothing in the law suggesting that either Rule 19 or section 1447(e) trumps Rule 25(c) when all may be applicable, especially when the Rule 25 motion was filed first in time."[46]

### D. Does *Freeport* Tacitly Overrule *Hensgens*?

The issue in this case is whether this Court must apply the precepts of *Hensgens* and the clear language of § 1447(e) to decide whether a non-diverse party who is not indispensable may be added to a suit, or whether the language in *Freeport* renders *Hensgens* inapposite. The Fifth Circuit has not squarely addressed this issue. While the Fifth Circuit did discuss the precepts of *Freeport* in *Whalen*, the holding of the court in *Whalen* is that the addition of a nondiverse, indispensable party will divest the court of subject matter jurisdiction. That edict was clear even in *Hensgens*. This Court must focus on whether the *Freeport* and *Whalen* decisions mandate that subject matter jurisdiction will not be affected by the addition of a non-indispensable party.

■ There is no indication in the *Freeport* opinion that its holding applies in circumstances such as the instant case, where a non-diverse, non-indispensable party in a removed case is joined after the case has been removed. This Court agrees with the D.C. Circuit Court of Appeals characterization of the *Freeport* holding and application. The *Freeport* case centers around a Rule 25(c) transfer-of-interest-based substitution. *Freeport* precisely holds that if diversity existed at the time the law suit was filed, the fact a party later assigned its cause of action to a non-diverse party who was brought in on a Rule 25 motion does not divest the court of jurisdiction once properly attached.[47] Further, the *Whalen* Court, while discussing *Freeport*, simply holds that an addition of a non-diverse party who *is indispensable* will indeed destroy subject matter jurisdiction. The principals set forth in *Freeport* and *Whalen*, however, do not effect the outcome in the case at hand. The instant case does not involve a Rule 25(c) motion, nor does it involve the addition of a indispensable party. Thus, Section 1447(e) and the *Hensgens* case control the outcome of the case at hand.[48]

If this Court followed *Kerr* and *Shaw*'s interpretation of *Hensgens* and *Freeport* in this removal case, then Section 1447(e) would have no meaning. *Kerr* finds that any addition of a party does not defeat diversity jurisdiction. The legislative history of Section 1447(e) is clear that Congress was careful not to expand the federal court's subject matter jurisdiction in the slightest.[49] Congress specifically rejected language which would have statutorily allowed a district court to retain jurisdiction even though a non-diverse party was added to suit after the case had been removed and the parties have established subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The general language in *Freeport* as interpreted by *Kerr* and *Shaw* expands a federal court's subject matter jurisdiction. This Court finds that the United States Supreme Court's holding *Free-*

---

44. *Burka,* 87 F.3d at 480.

45. *Burka,* 87 F.3d at 484.

46. *Burka,* 87 F.3d at 484.

47. Judge David Hittner, Federal Civil Procedure Before Trial ¶ 2:374.1 (5th Cir. ed.1996).

48. This Court agrees with the reasoning of the *Burka* court; Rule 25(c) is wholly distinguishable from a joinder that triggers Section 1447(e).

49. In *Shaw v. Meridian Oil Inc.,* 1996 WL 521411, the court found that nothing in 1447(e)'s history suggests that it was intended to limit the subject matter jurisdiction of the district court. See this Court's discussion in § II(B).

*port* is limited to a case where a party is added under Rule 25(c). This holding is consistent with the clear language of 28 U.S.C. § 1447(e).

■ According to the unambiguous language in Section 1447(e), when a plaintiff seeks to join a non-diverse party, the district court may either grant the amendment and remand because complete diversity would no longer be present or deny the amendment and retain jurisdiction over the case because the remaining parties are completely diverse. The Court has discretion when considering whether to allow the addition of a non-diverse, non-indispensable party. In such circumstances, *Hensgens* is still applicable and sets forth factors the court may consider in exercising that discretion.

This Court finds that the holdings of the *Freeport* and *Whalen* cases do not render the Fifth Circuit case of *Hensgens* inapposite. The *Hensgens* case is still controlling. The language of 28 U.S.C. § 1447(e) is clear. If a non-diverse party is added to the case after it is removed to federal court and destroys complete diversity of citizenship between the parties, the Court must remand the suit to state court.

## II. CONCLUSION

After the Court issued its oral reasons, the parties entered into a stipulation which moots plaintiff's motion to amend and to remand. Therefore, plaintiff's motion to amend and to remand shall be denied as moot.

It is so ordered.