**William MILES, Plaintiff,**

**and**

**Delta Well Surveyors, Inc. and American Mutual Liability Insurance Company, Intervenors-Appellants,**

**v.**

**DELTA WELL SURVEYING CORP., et al., Defendants,**

**Gulf Oil Corporation, Defendant-Appellee.**

**No. 85–3133**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1985.

Richard A. Chopin, Brian L. Reboul, Metairie, La., for Delta Well.

Jones, Walker, Waechter, Potevent, Carrere & Denegre, Grady S. Hurley, Jeanmarie LoCoco, New Orleans, La., for Gulf.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

EDITH HOLLAN JONES, Circuit Judge:

The district court dismissed an injured worker's tort liability claims against the owner and operator of a fixed offshore gas installation in Louisiana waters. We affirm the dismissal on the ground that, under state law, the company is liable only for workmen's compensation payments and not for damages in tort.

This appeal stems from an action filed by William Miles for damages against his employer, P & S Well Surveying Service d/b/a Delta Well Surveying Corporation ("Delta"), and against Gulf Oil Corporation ("Gulf") for two separate work-related injuries. The first allegedly occurred on August 6, 1983 and the second on June 5, 1984. The parties stipulated that Gulf had no responsibility for the 1983 accident. Miles subsequently settled with Delta and proceeded against Gulf for the injuries he allegedly sustained in the 1984 accident. Delta and its workmen's compensation carrier, American Mutual Liability Insurance Company ("AMLICO"), intervened in the action against Gulf to recover compensation benefits paid to Miles in connection with the 1984 action. The district court entered judgment in favor of Gulf, dismissing Miles's claims. Miles filed a timely notice of appeal, in which Delta and AMLICO joined. While his appeal was pending, Miles accepted a settlement offer of $9,500 from Gulf. He filed a motion to dismiss his appeal, which this court granted. Delta and AMLICO declined to participate in the settlement and have continued with their appeal of the dismissal of the action.[1]

At the time of the 1984 accident, Miles was assigned to work for Gulf, pursuant to a contract between Gulf and Delta, whereby Delta provided labor and general contract services for certain of Gulf's facilities in the Delta area of Louisiana. On the day he was injured, Miles was working, as he had been for about three months, on Gulf's Quarantine Bay Compressor Station, which is a fixed installation located within Louisiana coastal waters just east of Buras. The compressor station receives gas from various outlying platforms and mechanically recompresses gas for use in production facilities. The machinery utilized on the Quarantine Bay Station are large internal combustion engine-driven compressors. As a maintenance roustabout, Miles was required to clean the floors and adjacent areas surrounding the large compressors of residual oil on a daily basis as necessary maintenance to keep the compressor station functioning properly. Miles's accident occurred when he slipped and fell while descending a staircase, causing injuries to his neck and back.

---

1. As proper intervenors in Miles's action against Gulf, Delta and AMLICO are authorized to pursue their appeal under La.Code Civ.Proc.Ann. art. 1039; *Allstate Ins. Co. v. Theriot,* 376 So.2d 950 (La.1979). *See also* La.Rev.Stat.Ann. §§ 23:1101–23:1103 (West 1985); *Security Ins.* *Co. of Hartford v. Deshotels,* 458 So.2d 186, 191 (La.App. 5th Cir.1984). Moreover, Miles has also entered into a settlement agreement with Delta, reserving all rights of Delta and AMLICO against Gulf.

■ At the time the action was filed, there was an initial question as to whether Miles was entitled to benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* ("LHWCA"). The question has since been resolved by the intervening Supreme Court decision in *Herb's Welding v. Gray,* — U.S. ——, 105 S.Ct. 1421, 84 L.Ed.2d 406 (1985). To come under LHWCA coverage, Miles must satisfy both a status and a situs test. He was not engaged in "maritime employment" as it is defined in *Herb's Welding* and is therefore not under the direct coverage of LHWCA. He also fails the situs test, because he was not engaged in work on the continental shelf, thereby not qualifying for LHWCA benefits under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(b) (West's 1984). *See Herb's Welding v. Gray,* 766 F.2d 898 (5th Cir. 1985) (on remand).

The question then arises whether Miles's claim against Gulf comes under the Louisiana Workmen's Compensation Statute, La. Rev.Stat.Ann. § 23:1061 (West 1964). Under this statute, the principal who contracts for work to be performed that is part of its trade, business or occupation is liable for workmen's compensation benefits to the contractor's employee. The injured employee's compensation remedy against the principal, if the principal qualifies as a statutory employer, is exclusive, thus barring recovery in tort. La.Rev.Stat.Ann. § 23:1032 (1985).

In the trial court, Gulf originally filed a motion for summary judgment on the basis of the statutory employer defense. In his opposition to that motion, Miles asserted that his remedies were under the LHWCA. Gulf amended its motion to assert the comparable claim for tort immunity under the LHWCA, the judicially created "borrowed servant" doctrine, because the United States Supreme Court had not yet rendered its decision in *Herb's Welding.* The district court granted Gulf's motion for summary judgment, but the judgment does not detail the legal basis for its holding. The transcript of the summary judgment hearing, however, discloses that the parties exclu-sively argued the borrowed servant doctrine and that the judge apparently based his decision in Gulf's favor on that doctrine. Because, under *Herb's Welding,* the borrowed servant doctrine is no longer applicable here, we review the record to determine whether the district court's dismissal of Miles's claims can be sustained on the alternative ground asserted by Gulf, the statutory employer defense under La. Rev.Stat.Ann. § 23:1032. Our review is fortunately aided by the fact that the statutory employer doctrine was fully briefed by the parties in the trial court and that the district court did not render its decision on Gulf's summary judgment motion until after full discovery on the motion was completed by the parties.

■ The dispositive issue, whether a statutory employer relationship existed between Gulf and Miles, is primarily a factual determination that must be decided on a case-by-case basis. *Lewis v. Exxon Corp.,* 441 So.2d 192, 198 (La.1983). In order to qualify for the statutory employer defense, Gulf must satisfy the two part test enunciated by the Louisiana Supreme Court in *Lewis:* first, that the work being performed by Miles was part of Gulf's "trade, business or occupation," and second, that Gulf was engaged in that trade, business or activity at the time of Miles's injury. *Id.* at 197.

It is not disputed that Gulf is in the business of locating, producing, transporting and selling crude oil, gasoline and natural gas. Just recently, the Louisiana Supreme Court, in *Rowe v. Northwestern Nat. Ins. Co.,* 471 So.2d 226, 228 (La.1985), further elaborated: General maintenance and repair work which by their very nature allow the smooth and continued operations of the principal are part of the trade, business or occupation of the principal (Citing *Lewis* and *Barnes v. Sun Oil Co.,* 362 So.2d 761 (La.1978)). Delta and AMLICO, however, contend that a material fact exists as to whether Gulf was actually engaged in the general maintenance work on the compressor station, because it contract-

ed out the work. The *Rowe* court addressed this very issue. In that case, the plaintiff, a contract electrician, was injured while working at the principal's facility. The principal asserted it was entitled to the statutory employer defense because it commonly borrowed from a nearby facility its own electricians who were capable of doing the same type of work as the injured plaintiff. The *Rowe* court found the argument unpersuasive because the evidence showed that the borrowed electricians performed merely minor work and never performed the specialized electrical work that was being done by the injured plaintiff. 471 So.2d at 229.

By contrast, the evidence in this action shows that Gulf employees performed the same type of routine maintenance Miles did. Phillippus Weggeman, superintendent of Gulf's Delta area compressor stations, said in deposition that Gulf personnel on the Quarantine Bay Station performed the cleanup work when the contract worker was not there, that such chores were part of Gulf employees' normal "safety and housekeeping" duties, and that, after Miles's accident, Gulf employees did the work. Cecil Buras, Gulf supervisor of the Quarantine Bay Station, said in deposition that, in the interim between the previous contract worker's termination and Miles's assignment, Gulf personnel on the station performed the clean up work. Floyd Jones, a Gulf compressor mechanic who worked alongside Miles, also said in deposition that Gulf employees routinely did the cleanup work in the absence of a contract maintenance man. Nothing in the record disputes this testimony. The fact that Gulf contracted out the maintenance work does not prevent the activity from being an integral part of Gulf's regular business, in which Gulf was engaged at the time of Miles's injury. *See Barnes*, 362 So.2d at 764. See *Lewis*, 441 So.2d at 198. We therefore conclude, from our review of the ample summary judgment record, that there is no material fact issue as to Gulf's proof of the statutory employer defense. Delta and AMLICO's alternative argument, that even if Gulf qualifies as a statutory

employer, it should be estopped from asserting that status as a defense by virtue of the fact that the contract between Gulf and Delta describes Delta as an independent contractor, is without merit. *Zuccarello v. Exxon Corp.*, 756 F.2d 402, 410 (5th Cir.1985).

For the foregoing reasons, we affirm the dismissal by the district court.