657 So.2d 405 (1995)
PHILLIPS PETROLEUM COMPANY, Plaintiff-Appellant,
v.
LIBERTY SERVICES, INC., Defendant-Appellee.
No. 95-124.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
*406 Michael R. Mangham, Lisa H. Sevier, Lafayette, for Phillips Petroleum Co.
Jeffrey Allen Raines, New Orleans, for Liberty Services, Inc.
Before DOUCET, C.J., and THIBODEAUX and PETERS, JJ.
PETERS, Judge.
This appeal arises from a suit brought by the plaintiff, Phillips Petroleum Company, to enforce an indemnification provision in a contract with the defendant, Liberty Services, Inc. Each party filed a motion for summary judgment. The district court denied the plaintiff's motion and granted the defendant's thereby dismissing Phillips' suit. Phillips appeals this judgment.

DISCUSSION OF THE RECORD
Phillips Petroleum Company owned and operated an offshore production platform approximately ninety miles off the southwestern coast of Louisiana. On February 26, 1987, Phillips entered into a contract with Liberty Services, Inc., in which Liberty agreed to provide labor services to Phillips for specified jobs on an as-needed basis. The contract contained a provision in which Liberty agreed to indemnify Phillips for any and all claims and expenses incurred by Phillips arising as a result of damage to Liberty's property or injury to Liberty's employees.[1]
On April 12, 1989, two employees of Liberty, Jeffrey Laurent and Millard Buras, filed suit against Phillips and other defendants to recover damages for injuries allegedly sustained as a result of their exposure to fumes, smoke, and asbestos dust encountered while they were removing insulation from equipment located on Phillips' production platform. At the time they filed suit, Laurent and Buras were receiving benefits under the Longshoremen and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq. In defense of these claims, Phillips filed a motion for summary judgment contending (1) that Laurent and Buras sustained no injury and (2) that they were borrowed servants which precluded them from recovering anything from Phillips other than LHWCA benefits. Phillips' motion for summary judgment was granted by the trial court. However, the trial court did not assign reasons for the decision.
Phillips then filed this action against Liberty pursuant to the indemnification provision of their contract. Specifically, Phillips seeks to recover all expenses, court costs, and attorney fees incurred in defending the suit filed by Laurent and Buras. The indemnification *407 provision of the contract itself is the basis for Phillips' motion for summary judgment. Liberty answered the motion with one of its own contending that La.R.S. 9:2780, the Louisiana Oilfield Indemnity Act, requires a judicial determination that Phillips is free from fault before the indemnification provision can be invoked. The trial court agreed with Liberty and dismissed plaintiff's suit. Phillips then perfected this appeal.

LEGAL ANALYSIS
A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966 and Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342 (La.1991). On appeal, this court's review of a summary judgment is de novo and the court must use the same criteria as the trial court in determining whether summary judgment is proper. Id.
Resolution of the litigation depends on the interpretation of La.R.S. 9:2780(A) which provides:
The legislature finds that an inequity is foisted on certain contractors and their employees by the defense or indemnity provisions, either or both, contained in some agreements pertaining to wells for oil, gas, or water ... to the extent those provisions apply to death or bodily injury to persons. It is the intent of the legislature by this Section to declare null and void and against public policy of the state of Louisiana any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee.
(Emphasis added).
In Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987), the Louisiana Supreme Court was called on to interpret this statute pursuant to certification of the question from the United States Fifth Circuit Court of Appeals. In Meloy, the plaintiff was an employee of Oilfield Services, Inc., which had contracted with Conoco, Inc. to provide labor for various jobs on Conoco's offshore production platform. The plaintiff filed suit against Conoco for injuries allegedly sustained while working on its platform. Conoco filed a third party demand against Oilfield Services, Inc., for defense of the litigation and indemnity pursuant to an indemnity provision in their service agreement. The employer filed a motion for summary judgment contending that the Louisiana Oilfield Indemnity Act barred Conoco's claim. The Federal District Court granted the motion for summary judgment and Conoco appealed. The Fifth Circuit Court of Appeals then certified the following questions of law to our supreme court pursuant to La.R.S. 13:72.1 and Rule XII of the Supreme Court of Louisiana:
(1) Under Louisiana law, is an indemnitor's obligation to defend a suit against the indemnitee for personal injuries sustained by an employee of the indemnitor determined entirely by the allegations of the complaint against the indemnitee? That is, if the petition against the indemnitee alleges only that the indemnitee was at fault, does the indemnitor have a duty to defend (assuming the indemnity agreement is interpreted to include costs of defense)?
(2) If the indemnitor does not have a duty to defend the suit, but if, after trial on the merits, the indemnitee is found free from fault and the injury is found to have resulted in whole or in part from the fault of the indemnitor, is the indemnitee entitled to recover its cost of defense?
(3) If an indemnity agreement is covered by the Louisiana Oilfield Indemnity Act of 1981, La.Rev.Stat.Ann. § 9:2780, does the Act nullify completely an indemnity contract that obligates the indemnitor to indemnify the indemnitee regardless of which party is at fault? Or is the agreement valid to the extent it requires indemnification for damages attributable to the comparative fault of the indemnitor?
Id. at 835.
In response to those questions, our court held:

*408 The Act only prohibits indemnity for cost of defense where there is "negligence or fault (strict liability) on the part of the indemnitee." The Act does not apply where the indemnitee is not negligent or at fault. An agreement providing for cost of defense in the event of a meritless suit against the indemnitee is outside the scope of the Act. Accordingly, the indemnitor's obligation for cost of defense cannot be determined until there has been a judicial finding that the indemnitee is liable or that the charges against it were baseless. Whether an oil company (indemnitee) is free from fault and thus outside the scope of the Act can only be determined after trial on the merits. If it is established at trial that there is no "negligence or fault (strict liability) on the part of the indemnitee," the Act does not prohibit indemnification for cost of defense.

Id. at 839 (emphasis added) (footnote omitted).
Shortly after Meloy, the Fifth Circuit encountered the interpretation issue again in Melancon v. Amoco Prod. Co., 834 F.2d 1238 (5th Cir.1988). In Melancon, the plaintiff filed suit against Amoco for injuries allegedly sustained while working on Amoco's offshore platform. Amoco filed a third party demand against Beraud Enterprises, Inc., the plaintiff's employer, with whom Amoco had a service contract containing an indemnification provision. Beraud responded with a motion for summary judgment seeking dismissal of Amoco's third party indemnity claims. The trial court granted the summary judgment on the ground that the Louisiana Oilfield Indemnity Act precluded Amoco's recovery. Amoco appealed that ruling. The plaintiff's case then proceeded to trial and the trial court determined that he was a "borrowed employee" of Amoco and, therefore, his exclusive remedy was under the LHWCA. Plaintiff's suit against Amoco was dismissed and he appealed.
The Fifth Circuit considered both appeals simultaneously. The court first found that the plaintiff was clearly Amoco's borrowed employee and as such, the LHWCA barred all tort actions against Amoco. The court then reversed the trial court's ruling on Amoco's motion for summary judgment and recognized Amoco's right to claim indemnification under its service contract with the plaintiff's employer. In its reasoning, the court relied on Meloy and found:
Here there exists no holding that Amoco was negligent or at fault for Mr. Melancon's injuries. The case never reached the issue of Amoco's negligence because of the LHWCA's bar. For that reason Amoco is entitled to indemnity from Beraud for the costs of its defense. Provision 10 of the Amoco-Beraud contract so provides, and the Louisiana Oilfield Indemnity Act does not apply absent a finding of negligence or fault against Amoco.
Melancon, 834 F.2d at 1248.
This court was faced with a similar issue in Crater v. Mesa Offshore Co., 539 So.2d 88 (La.App. 3 Cir.1989), writs denied, 542 So.2d 1382, 543 So.2d 4, (La.1989), cert. denied, 493 U.S. 905, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989) and reached a different result. In Mesa, the plaintiff was an employee of B.J. Hughes Sand Control which had entered into a contract with Mesa Offshore Company to service an offshore platform which Mesa was operating. When the plaintiff filed suit against Mesa for injuries allegedly sustained on the platform, Mesa third-partied his employer for indemnification and defense costs pursuant to their contract. Mesa's motion for summary judgment as to the principal demand was granted by the trial court on the finding that the plaintiff was Mesa's borrowed employee, therefore having no remedy in tort against Mesa. The trial court also granted the employer's motion for summary judgment dismissing Mesa's indemnity claim. Both Mesa and the plaintiff appealed.
This court affirmed the trial court's determination that the plaintiff was barred from seeking recovery in tort against Mesa, and found that because Mesa's summary judgment on the main demand was properly granted, "the issues of indemnification and contribution are moot." Id. at 93. (Emphasis added). Relying on Meloy, we stated,
According to the clear pronouncement by the Louisiana Supreme Court in Meloy, supra, there can be no obligation on the part of the contractual indemnitor (B.J. Hughes) to pay for the indemnitee's (Mesa's) defense costs unless and until there is a determination that the indemnitee *409 was totally free from fault. Unless and until that determination is made, Mesa's right to claim defense costs of B.J. Hughes is premature.

Id.
Thus, Melancon and Crater are factually similar but each interprets La.R.S. 9:2780(A) differently. In Melancon, the Fifth Circuit held that because the LHWCA acted as a bar against tort recovery from Amoco, there could never be a determination of negligence or fault as to Amoco and therefore Amoco was entitled to recover its expenses in defending the suit. In Crater, this court concluded that because the LHWCA acted as a bar against tort recovery from Mesa, there could never be a determination of negligence or fault as to Mesa and therefore any claims under the indemnity provisions of Mesa's contract with the plaintiff's employer were moot. We do not find that the decisions in these two cases can be reconciled. Nor do we find either to be dispositive of the issue before us.
We recognize that a litigant may be negligent or otherwise at fault in causing an accident and yet have no legal liability for tort damages because of a specific legal defense. The application of the "borrowed employer" doctrine and its relationship to the LHWCA is an example of such a situation. Additionally, a litigant may be negligent or otherwise at fault in causing an accident but have no further liability because the plaintiff is unable to establish that he suffered any damage as a result of the accident. Thus, it matters not which reason the trial court used in granting the motion for summary judgment herein.
In enacting the statute, the legislature declared any contract for indemnification to be "null and void and against public policy ... where there is negligence or fault (strict liability) on the part of the indemnitee...." La.R.S. 9:2780(A). Thus the pivotal factor in determining whether indemnification is available is that of causation of the accident involved. The fact that an indemnitee might have a legal defense to the claim does not preclude the need to determine fault in causing the accident. Of particular importance in interpretation of this statute is the fact that the legislature chose to define what it considered "fault" in the statute itself by inserting "(strict liability)" immediately after the word. This limiting phrase makes it obvious that negligence or strict liability findings are required before the indemnification provisions of a contract can be invoked. A successful legal defense that does not reach these issues is not enough.
However, we do not find that La. R.S. 9:2780(A) prevents one seeking indemnification from proving freedom from "negligence or fault (strict liability)" in an action separate from the original litigation raising the issue. Nor do we conclude that dismissal of the plaintiff's tort action, for whatever reason, precludes continuation of the litigation by the indemnitee and indemnitor to determine the presence or absence of negligence or fault under La.R.S. 9:2780(A). We therefore overrule our decision in Crater insofar as it relates to the issue of indemnification and reverse the trial court's granting of the motion for summary judgment in favor of Liberty Services, Inc.

DISPOSITION
Accordingly, for the reasons assigned, the judgment of the trial court dismissing the demands of Phillips Petroleum Company is reversed and the matter is remanded for further proceedings. The costs of this appeal are assessed against Liberty Services, Inc.
REVERSED AND REMANDED.
NOTES
[1] The provision reads as follows:

Contractor shall defend, indemnify and hold harmless Company from any and all claims, judgments, losses, expenses and any costs related thereto (including but not limited to court costs and attorneys' fees) for damage to or loss or defect of Contractor's property and for personal injury to or death of Contractor's employees (including Contractor where Contractor is a sole proprietor) or invitees.