Linda KERR, et al.

v.

SMITH PETROLEUM CO., et al.

Civ. A. No. 94–1711.

United States District Court,
E.D. Louisiana.

June 30, 1995.

See also, 889 F.Supp. 892.

Charles W. Dittmer, Jr., Dittmer & Hartman, Metairie, LA, for plaintiffs.

Susan A. Daigle, Broussard, David & Daigle, Lafayette, LA, Edward Settoon Johnson, Salvador Joseph Pusateri, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, and Jon Daniel Picou, and Richard E. Jussaume, Jr., Leininger, Larzelere & Picou, Metairie, LA, for defendants.

Musa Rahman, Louisiana Workers' Compensation Corp., Baton Rouge, LA, for intervenor plaintiff.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is a motion for summary judgment by defendant Smith Petroleum Company as to plaintiffs' claims. The motion was submitted on memoranda only without oral argument on a previous date. Having reviewed the memoranda of the parties, the record and the applicable law, the Court GRANTS the motion.

### Background

Plaintiffs filed this tort matter on May 23, 1994, seeking damages as a result of injuries plaintiff Jerry Kerr Sr. allegedly sustained on an offshore platform on the Outer Continental Shelf owned, operated and/or maintained by defendants Grasso Production Management, Inc. and/or Smith Petroleum Company. (R.Doc. 1.)

Both Grasso and Smith Petroleum answered in July 1994 (R.Docs. 2 and 3), and shortly thereafter in September 1994 plaintiffs filed an unopposed motion to amend his complaint, which was granted by the judge to whom this case was previously allotted. (R.Doc. 7.) The amended complaint added as defendants K.E. Resources, Ltd.; Arcadia Investment Corporation; and J.J.R., Inc. (R.Doc. 8.) The amended complaint further alleged that these three new defendants owned and/or operated the production platform where plaintiff was allegedly injured and were liable "jointly, severally and *in solido*" with the other two defendants. *Id.*, Paragraph 5.

Smith Petroleum argues that it is entitled to summary judgment under Louisiana law on the basis that it qualifies as the statutory employer of plaintiff Jerry Kerr. Smith Petroleum's argument is two-pronged: it qualifies as a statutory employer by virtue of the "two-contract theory" of statutory employer and by virtue of the "trade, business, or occupation" theory.

In opposition plaintiffs contend that the defense of statutory employer is barred by *Brown v. Avondale Industries, Inc.,* 617 So.2d 482 (La.1993) because plaintiff has elected to receive compensation under the Longshoremen and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (hereinafter "LHWCA").

### Law and Application

Defendant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Notwithstanding the plaintiffs' contention in their complaint that plaintiff was injured on a platform located on the Outer Continental Shelf, there is no genuine issue of material fact that plaintiff was working on a platform in Louisiana waters when he was allegedly injured.[1] Therefore, the question is whether Smith Petroleum qualifies as Jerry Kerr's statutory employer as a matter of law.

The Court first addresses and dismisses plaintiffs' opposition argument for the same reasons as set forth in the June 13, 1995, *Order and Reasons* granting summary judgment in favor of Grasso.

According to plaintiffs' memorandum in opposition, plaintiff "elected" to be paid worker's compensation benefits under the LHWCA. However, according to the undisputed facts of this matter, plaintiff fails to meet the situs and status tests necessary to fall within the LHWCA. *See Miles v. Delta Well Surveying Corp.,* 777 F.2d 1069, 1071 (5th Cir.1985). At the time of his alleged injury, plaintiff was not performing any "maritime activity," as that term is legally defined, just as the plaintiff in *Miles* was not performing maritime activity when he was injured while cleaning floors on a compressor station. *Id.* at 1070–71. Additionally, at the time of his injury, plaintiff Jerry Kerr was not working on the Outer Continental Shelf.

---

1. Plaintiffs conceded this point in making their argument on lack of jurisdiction in regard to Grasso's motion for summary judgment. *See* *Order and Reasons,* June 13, 1995, p. 9, n. 6 (R.Doc. 66.)

Thus, he could not have fallen within the ambit of the LHWCA under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(b). *Miles,* 777 F.2d at 1071.

Despite not meeting the status and situs tests, plaintiff argues that he "elected" LHWCA benefits and thus is entitled to the protection set forth by the Louisiana Supreme Court *Brown v. Avondale Industries, Inc.,* 617 So.2d 482 (La.1993). In *Brown* the Louisiana Supreme Court found that when an employee elects to receive LHWCA benefits, the statutory employer defense under Louisiana law is not available. *Id.*

However, the Court finds that *Brown* is inapplicable because the underlying facts of *Brown* show that the plaintiff was entitled to elect LHWCA benefits as a worker on a vessel. *See Brown v. Avondale Industries, Inc.,* 612 So.2d 315, 316 (La.App. 5th Cir. 1993). Here, however, plaintiff was not working on a vessel and was not working on the Outer Continental Shelf. As a result, neither Smith Petroleum nor Grasso are precluded from claiming the statutory employer defense under *Brown* just because there was an apparent error by plaintiff's nominal employer in payment of LHWCA benefits to plaintiff instead of state worker's compensation benefits, whether plaintiff "elected" LHWCA benefits or not.[2]

This does not complete the inquiry, however. The issue remains whether Smith Petroleum legally meets the standards as statutory employers under either or both of its arguments.

■ The Court finds that on the record before it Smith Petroleum qualifies as a statutory employer under both prongs of its contention. Smith Petroleum satisfies the standard necessary under the theory of "trade, occupation or business" pursuant to

*Rosskamp v. Phillips Petroleum Company,* 992 F.2d 557, 558 (5th Cir.1993). In *Rosskamp,* the plaintiff, an employee of Kerr McGee Corporation, sued Phillips Petroleum for injuries he sustained on a Louisiana platform owned equally by Kerr McGee and Phillips Petroleum but operated by Kerr McGee under a joint operating agreement. *Id.* at 558. The Fifth Circuit found that "[a] non-operating owner may indeed be a principal [under Louisiana law] and therefore a statutory employer immune from tort liability." *Id.*

> The statute [LSA–R.S. 23:1061] does not imply that a principal must undertake actual operations of the facility where the injury occurred. The statutory requirement is only that Phillips "undertake to execute work" within its trade, business, or occupation. . . . Phillips meets the requirement: it undertook to execute work that was part of its business by entering into a mineral lease, investing in the platform to expand its mineral production business, an contracting with Kerr McGee to operate the platform.

*Id.* at 559.

It is undisputed in this case that the co-owners of the offshore well at issue are Smith Petroleum, K.E. Resources, Arcadia, and JJR.[3] Smith Petroleum is entitled to summary judgment pursuant to *Rosskamp* because it, too, was an owner of the platform at issue engaged in its business of mineral production, even though it was also an "operator-owner" which contracted with Grasso for operation and maintenance of the facilities where the well at issue was located.[4]

■ Smith Petroleum also meets the standard for statutory employer under the "two-contract theory." In order for Smith Petroleum to qualify as a statutory employer

---

**2.** This conclusion mirrors the Court's conclusion on Grasso's motion for summary judgment. *Order and Reasons,* p. 9, n. 7 (R.Doc. 66).

**3.** Smith Petroleum's "Statement of Uncontested Facts," attached to its motion for summary judgment (R.Doc. 45), which are uncontested by plaintiffs except as to their contentions as to election of LHWCA benefits, which was previously addressed. Plaintiffs' "Answer to Statement of Uncontested Material Fact (sic)." (R.Doc. 68.)

**4.** Smith Petroleum's "Statement of Uncontested Facts," (R.Doc. 45), to which plaintiffs failed to file any objection. Note 3, *supra;* Affidavit of Charles Smith, president of Smith Petroleum, attached to Smith Petroleum's supplemental memorandum in support of its motion. (R.Doc. 70.)

under this theory, it must show: (1) that it "entered into a contract with a third party; (2) that pursuant to a contract, work [was] performed; [and] (3) that in order for [Smith Petroleum] to fulfill its contractual obligation to perform the work, [it] entered into a subcontract for all or part of the work performed." *Beddingfield v. Standard Const. Co.*, 560 So.2d 490, 491–92 (La.App. 1st Cir. 1990). *See also Williams v. Metal Building Products Co., Inc.*, 522 So.2d 181, 182–83 (La.App. 5th Cir.1988).

In this case, Smith Petroleum, as co-owner, obligated itself to the other co-owners to conduct and direct all of the operations of the owners' facilities, including the production platform where plaintiff was injured, and then contracted with Grasso to perform these duties.[5]

■ Owner/operators of oilfield facilities such as Smith Petroleum are not precluded from qualifying as a statutory employer. *See Crater v. Mesa Offshore Co.*, 539 So.2d 88, 92–93 (La.App. 3rd Cir.1989), *overruled on other grounds by Phillips Petroleum Company v. Liberty Services, Inc.*, 657 So.2d 405 (La.App. 3rd Cir.1995). It also is inconsequential that Smith Petroleum did not contract with plaintiff's employer directly. The "two-contract" theory is "to be extended to all 'principals' [under LSA–R.S. 23:1032], however far removed from the direct employer of the injured worker, who contracted to perform the work in which the injured party is engaged at the time of the injury. *Crochet v. Westminster City Center Properties*, 572 So.2d 720, 722 (La.App. 4th Cir.1990). *See also Beddingfield, supra* ("two-contract" defense applied to employees of sub-subcontractor).

Therefore, Smith Petroleum qualifies as plaintiff's statutory employer under either of the grounds it raised in support of its motion for summary judgment.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by Smith Petroleum, Inc., is GRANTED.

---

5. Smith Petroleum's "Statement of Uncontested Facts," (R.Doc. 45), to which plaintiffs filed no objection. Note 3, *supra*.