I THIBODEAUX, Judge.
Liberty Services, Inc. seeks review of the trial court’s grant of summary judgment in favor of Phillips Petroleum Company. This appeal arises out of a suit filed by Phillips Petroleum against Liberty Services to enforce the indemnification provision of their contract. The Louisiana Oilfield Indemnity Act (LOIA), La.R.S. 9:2780, requires a judicial determination that an indemnitee is either free from negligence or fault (strict liability) for death or bodily injury to persons, before ^contractual indemnity clauses such as the one at issue can be enforced. On a previous appeal, this court remanded this case to the trial court so that it could make a determination regarding Phillips’ negligence or fault. Phillips Petroleum Co. v. Liberty Servs., Inc., 95-124 (La.App. 3 Cir. 5/31/95), 657 So.2d 405, writ denied, 95-1650 *892 (La.10/27/95), 661 So.2d 1354. On remand, the trial judge granted a motion for summary judgment in favor of Phillips after finding that there was no genuine issue of material fact regarding Phillips’ freedom from negligence, thus rendering the contractual indemnification provision effective. Liberty now requests our review of this ruling. We conclude that Phillips met its burden of proving the absence of an element essential to Liberty’s claim of negligence, while Liberty failed to prove the existence of any material issue of fact that would support a finding of negligence. Therefore, we affirm the trial court’s grant of summary judgment in favor of Phillips Petroleum.
I.

ISSUES

The issues presented for review are:
1) whether the law of the case doctrine bars this court from reviewing Phillips’ argument regarding freedom from negligence;
2) whether Phillips met its burden of proving the absence of a material issue of fact regarding its freedom from negligence; and
3) whether Liberty presented evidence establishing the existence of a genuine issue of material fact as to the dispute.
J3II.

FACTS

Phillips Petroleum entered into a contract with Liberty Services in which Liberty was to provide labor services to Phillips on an as-needed basis. The contract contained an indemnity provision which stated in pertinent part:
Contractor shall defend, indemnify and hold harmless Company from any and all claims, judgments, losses, expenses and any costs related thereto (including but not limited to court costs and attorneys’ fees) for damages to or loss or defect of Contractor’s property and for personal injury to or death of Contractor’s employees (including Contractor where Contractor is sole proprietor) or invitees.
On April 12, 1989, two Liberty employees filed suit against Phillips and other defendants, seeking damages for alleged injuries sustained as a result of their exposure to fumes, smoke and asbestos dust while removing asbestos insulation with cutting torches on a Phillips platform from April 13, 1988 through April 15,1988. All defendants were granted summary judgments and dismissed from the suit after submitting evidence that revealed the employees did not suffer any injuries as a result of exposure to asbestos. Thereafter, Phillips sought to enforce the indemnification provision of its contract with Liberty and filed an action for recovery of expenses, court costs, and attorney fees incurred in defending the suit.
The trial judge ruled in favor of Liberty and dismissed Phillips’ suit for indemnification after reviewing cross-motions for summary judgment submitted by both parties. The trial court held that La.R.S. 9:2780, the Louisiana Oilfield Indemnity Act (LOIA), precluded recovery pursuant to a contractual indemnification agreement of the sort at issue unless there had been a judicial determination that the indemnitee (Phillips) is free from negligence or fault. As there had been no such|4finding by the trial court, but only a dismissal of the claim against Phillips by summary judgment, the trial judge dismissed Phillips’ claim for indemnification.
Phillips appealed the decision, disputing the trial court’s interpretation of the LOIA. This court interpreted the statute and then remanded the case to allow Phillips the opportunity to establish freedom from fault or negligence. We held that the LOIA does not preclude one seeking indemnification from proving freedom from negligence or fault in a separate action. Phillips, 657 So.2d at 409. In addition, we stated that the pivotal factor in determining whether indemnification is available is that of causation of the accident involved; the fact that an indemnitee might have a legal defense to the claim, as in this case, does not preclude the need to determine fault in causing the accident. Id.
On remand, Phillips argued that it was entitled to summary judgment as a matter of law because there was no genuine issue of *893 material fact as to Liberty’s liability for its attorney fees and expenses. Phillips reurged its prior argument regarding the absence of damages to the employees, and presented the same evidence that it had previously used to receive a dismissal via summary judgment in the action brought against it by the employees. Phillips contended that it was entitled to summary judgment because it had established that the employees had not been injured, therefore proving the absence of an element essential to Liberty’s claim of negligence. Phillips stated that based upon this, it could not be found negligent and was entitled to indemnification.
Liberty argued in its Memorandum in Opposition to the Motion for Summary Judgment that Phillips had not been successful in establishing the absence of a genuine issue of material fact regarding its negligence. First, Liberty stated that Phillips’ reliance on its previous dismissal by summary judgment did not prove |,-¡freedom from negligence because this court held that a dismissal pursuant to a legal defense was insufficient to make this determination. Liberty cited our language in Phillips in which we stated:
We recognize that a litigant may be negligent or otherwise at fault in causing an accident and yet have no legal liability for tort damages because of a specific legal defense. The application of the “borrowed employer” doctrine and its relationship to the LHWCA is an example of such a situation. Additionally, a litigant may be negligent or otherwise at fault in causing an accident but have no further liability because the plaintiff is unable to establish that he suffered any damage as a result of the accident. Thus, it matters not which reason the trial court used in granting the motion for summary judgment herein.
Id. at 409.
Secondly, Liberty stated that Phillips’ reliance on its previous dismissal by summary judgment was without merit because the evidence it introduced at that time, and that it was relying on for a second time, only established the absence of injuries related to exposure to asbestos. Liberty argued that there existed evidence that the employees suffered symptoms caused by the burning of other substances, and Phillips, in ordering the employees to cut the insulation and wrappings, could have been liable for those injuries caused by smoke and/or dust inhalation unrelated to asbestos. Liberty contended that since Phillips’ current Motion for Summary Judgment failed to establish the absence of employee injuries from sources other than asbestos, Phillips was not entitled to judgment as a matter of law.
The trial judge granted the motion for summary judgment in favor of Phillips without assigning written reasons. It is from this judgment that Liberty appeals.
Jell!

LAW AND DISCUSSION

Liberty contends in this appeal that the trial judge erred in granting the motion for summary judgment because it did not recognize that Phillips failed to satisfy its burden of proving the absence of a genuine issue of material fact regarding its fault or negligence.[1] Liberty argues that this court has already held that a legal defense is insufficient to warrant indemnification, therefore, Phillips’ argument does not establish its freedom from negligence. In addition, Liberty contends that the “law of the case” doctrine bars this court from reviewing this issue again. Secondly, Liberty argues that Phillips failed to prove that the employees did not suffer injuries unrelated to asbestos exposure, therefore, there remains a genuine issue of material fact regarding the existence of injuries.
Phillips, on the other hand, asserts that the summary judgment was proper because Liberty failed to meet its burden of establish *894 ing the existence of any material issue of fact that should be adjudicated at trial.
Law of the Case
We find Liberty’s reliance on the “law of the case” doctrine to be misplaced. This doctrine is a procedural rule that generally prevents an appellate court from reconsidering its own rulings of law on a subsequent appeal in the same case involving the same litigants. Trahan v. McManus, 96-669 (La.App. 3 Cir. 72/19/97), 689 So.2d 696. It was designed to prevent relitigation of identical issues and to promote consistency, efficiency, and fairness by affording a single opportunity for argument and decision of the matter at issue. Id. See also Cardinal Fed. Savings Bank v. Corporate Towers, 629 So.2d 462 (La.App. 3 Cir.1993), writ denied, 634 So.2d 396 (La.1994) and Fuselier v. Amoco Prod. Co., 607 So.2d 1044 (La.App. 3 Cir.1992).
In the earlier Phillips opinion, we faced the issue of the proper interpretation of La. R.S. 9:2780(A). We interpreted the statute and determined it required judicial findings regarding negligence or fault (strict liability) before the indemnification provisions of a contract, relating to death or bodily injury to persons, could be invoked. We then remanded the case to the trial court for further proceedings on the issue of negligence or fault.
What Liberty considers as the “law of the ease” are our comments in which we essentially stated that a successful legal defense that does not reach the issue of fault or negligence is not enough to make a determination regarding indemnification. Phillips, 657 So.2d at 409. This language was not a definitive statement as to whether we believed Phillips to have already established freedom from fault or negligence with its prior argument and evidence submitted to the trial court. We remanded the case because express findings of negligence or strict liability had not previously been made. We simply recognized the fact that a dismissal based on a successful legal defense does not necessarily translate into an expression of a party’s freedom from fault or negligence, and therefore a determination should not rest on such. Although this appeal involves review of a related issue, it does not involve relit-igation of an identical issue previously reviewed by this court.
| gSummary Judgment
Act No. 483, § 1 of the 1997 Regular Session recently amended and reenacted La. Code Civ.P. art. 966 to clarify Act No. 9, § 1 of the First Extraordinary Session of 1996 and to legislatively overrule all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. La.Code Civ.P. art. 966(C) now provides:
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
This amendment leaves the initial burden of proof with the movant to show that no genuine issue of material fact exists, and once the movant has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Hayes, 685 So.2d at 694. If the motion for summary judgment is properly supported by the moving party and the non-moving party fails to produce evidence of a material factual dispute, the motion will be granted. Id.
*895 In effect, the amendment ‘levels the playing field’ between the parties in two ways: first, the supporting documentation submitted by the parties should be scrutinized equally, and second, the overriding presumption in favor of trial on the merits is removed. Id. at 694.
|9We have undertaken a de novo review of the record and conclude that the motion for summary judgment was properly granted. See generally Potter v. First Fed. Sav. & Loan Ass’n, 615 So.2d 318 (La.1993) (discussing appellate courts’ standard of review for summary judgments).
Under the retroactive application of La. Code Civ.P. art. 966(C), Phillips met its burden of proving an absence of factual support for damages, an element essential to Liberty’s claim of negligence; however, Liberty failed to counter this by proving that it would be able to satisfy its evidentiary burden in proving negligence at trial. Therefore, we hold that summary judgment was properly granted in favor of Phillips Petroleum.
Our review of the record revealed that Phillips submitted with its Motion for Summary Judgment, affidavits and written reports of Dr. Robert N. Jones, a recognized pulmonary specialist. The documents were submitted after Dr. Jones reviewed the employees’ prior medical records and x-rays and conducted examinations of both employees. Dr. Jones concluded that neither employee exhibited any evidence of asbestos effects, and stated that if any asbestos was inhaled as a result of the work described, two days of even heavy exposure would not be expected to have any detectable effect. The doctor also stated in both reports that asbestos-containing pipe insulation does not burn, nor give off smoke or toxic fumes.
He examined one employee on October 30, 1991 and found that he suffered from a preexisting condition of psoriasis, a chronic skin disorder that has no known relationship to welding or asbestos exposure. This employee also exhibited symptoms of hay fever. He concluded that the onset of the psoriasis was not temporally related to the reported exposure. Moreover, he opined that this patient’s history did not suggest any disease or condition, relatable to employment, Lpthat would keep an individual off work for a year as the employee had been. Although the employee complained of being sick and unable to work that entire year because of alleged injuries, the doctor found it interesting that he resumed employment upon cessation of workers’ compensation benefits.
The other employee was found to be free of any evidence of toxic injury or asbestos effects as well; however, his lung function tests showed a mild obstruction, which the doctor attributed to lengthy cigarette smoking with a possible contribution from chronic inhalation of welding smokes. This employee, who was forty-three years old at the time of Dr. Jones’ medical exam, has smoked since the age of twenty-nine and has been a welder since 1969.
Liberty contends that the reports of Dr. Jones do not prove the absence of damages from sources other than asbestos, and for this reason there remains a material issue of fact regarding the issue of injuries and hence, the existence of negligence on the part of Phillips. Liberty’s argument is without merit for two reasons. First, the language that Liberty relies on to assert its belief that the employees were also seeking damages for injuries caused by other substances in addition to asbestos, is stated in paragraph ten of the petition:
Exposure to the fumes, smoke, and asbestos dust caused severe irritation to the plaintiffs’ lungs and respiratory systems, and has created a severe skin condition that affects plaintiffs’ entire bodies.
Our review of the employees’ petition revealed that all of the allegations therein focused on injuries sustained from smoke, dust and fumes caused by the burning asbestos, and there was no claim for damages for injuries sustained from the burning of other substances. Consequently, we conclude that injuries from substances other than asbestos was not pled in the employees’ petition and is not an issue in this action. It is of no consequence that Phillips failed to prove the absence of a material | nfact regarding injuries to the employees from substances other than asbestos. Phillips only needed to focus on asbestos as the possible injury-causing *896 substance because asbestos was the only substance that was alleged to have caused any injuries to the employees.
Amended La.Code Civ.P. art. 966(C) requires that the party opposing the motion for summary judgment prove that it will be able to satisfy its evidentiary burden at trial, once a prima facie showing has been made by the movant that there lacks an element essential to the claim against it. Liberty has failed to satisfy this burden and therefore, the summary judgment in favor of Phillips was mandated by the relevant article. Liberty did not provide any evidence that would establish a material issue of fact regarding the existence of injuries caused by asbestos. Instead, Liberty focused its argument on the possible existence of injuries caused by the burning of other substances used to wrap the asbestos insulation, without offering any evidence or argument which would establish an issue of material fact regarding injuries caused by exposure to asbestos.
The record reflects that Liberty only relied upon Dr. Jones’ medical reports in which he stated that the employees may have inhaled smoke from the burning paint, metal and paper or cloth wrappings and that this could be responsible for symptoms that they claimed to have developed, including nausea, headaches and sore throat. Liberty also relied upon the employees’ reports to their employers that they believed they had been injured while working. These statements do not reveal the existence of injuries attributable to asbestos, or other sources for that matter, and lend no credibility to Liberty’s claim.
To begin with, Liberty did not comply with La.Code Civ.P. art. 967, which requires that a party opposing a motion for summary judgment set forth specific facts showing that there exists a genuine issue for trial. (Emphasis added). [12“A party opposing a motion for summary judgment cannot rely on the bare allegations of their pleadings but must respond by affidavits detailing facts that show the existence of a genuine issue.” Perkins v. Gregory Mfg. Co., 95-01396, pp. 3-4 (La.App. 3 Cir. 3/20/96), 671 So.2d 1036, 1038, writ denied, 96-0971 (La.5/31/96), 673 So.2d 1039. The statements made by Dr. Jones, which Liberty relies upon, are not specific facts that could prove the existence of a material issue of fact regarding injuries. Additionally, the reports made by the employees as to their beliefs that they had been injured are entirely irrelevant. The employees are not medical professionals and their beliefs as to possible injuries they may have sustained, are not specific facts upon which this court can rely to determine that a material issue of fact exists as to the presence of injuries.
IV.

CONCLUSION

Phillips was successful in proving that there is an absence of a material issue of fact regarding injuries, which is an element essential to Liberty’s claim of negligence against it. Negligence requires a finding of damages, but a plaintiff may not recover damages where there is no proof of injury. See Harris v. Home Savings & Loan Ass’n, 95-223 (La.App. 3 Cir. 7/27/95), 663 So.2d 92, writ denied, 95-2190 (La.11/17/95), 664 So.2d 405. The affidavits and medical reports submitted by Phillips established that the employees did not suffer injuries from asbestos exposure. Liberty failed to provide any specific facts, in the form of affidavits or otherwise, that would prove that there was a genuine issue of material fact regarding this issue. Therefore, summary judgment in favor of Phillips Petroleum was proper.
[ isFor the foregoing reasons, the judgment of the trial court granting summary judgment to Phillips Petroleum Company is affirmed. Costs of this appeal are assessed to defendant-appellant, Liberty Services, Inc.
AFFIRMED.
AMY, J., concurs.

. It should be noted that both parties have used the terms "negligence” and “fault” interchangeably. Although the LOIA requires a finding of negligence or fault, it places “strict liability” in parenthesis after the term “fault” to make clear its intended use of the term. The briefs only addressed the absence or existence of issues of fact regarding negligence, and pursuant to Rule 1-3 of the Uniform Rules of Courts of Appeal, we will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error.